No. 25-1787

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE, ET AL.,
*Plaintiffs-Appellants*,

v.

STATE OF SOUTH CAROLINA, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06420-RMG

## DEFENDANTS-APPELLEES' MOTION FOR EXTENSION OF THE DEADLINE TO RESPOND TO PLAINTIFFS-APPELLANTS' MOTION FOR A PRELIMINARY INJUNCTION PENDING APPEAL

| | |
|---|---|
| Joseph D. Spate | Miles E. Coleman |
| *Deputy Solicitor General* | NELSON MULLINS RILEY & |
| SOUTH CAROLINA OFFICE OF THE | SCARBOROUGH LLP |
| ATTORNEY GENERAL | 2 West Washington Street / Suite 400 |
| 1000 Assembly St. | Greenville, SC 29601 |
| Columbia, SC 29201 | (864) 373-2300 |
| (803) 734-3371 | miles.coleman@nelsonmullins.com |
| josephspate@scag.gov | |
| | *Counsel for Defendants-Appellees* |
| *Counsel for Defendants-Appellees* | *South Carolina State Board of* |
| *State of South Carolina; South* | *Education; South Carolina* |
| *Carolina State Board of* | *Department of Education; Ellen* |
| *Education; South Carolina* | *Weaver, in her official capacity as* |
| *Department of Education; and* | *South Carolina Superintendent of* |
| *Ellen Weaver, in her official* | *Education; Berkeley County School* |
| *capacity as South Carolina* | *District; and Anthony Dixon, in his* |
| *Superintendent of Education* | *official capacity as Superintendent of* |
| | *Berkeley County School District* |

Pursuant to Federal Rule of Appellate Procedure 26(b), Local Rule 31(c), and for good cause shown, Defendants-Appellees request a five-day extension of time in which to file their response to Plaintiffs-Appellants' Motion for Preliminary Injunction Pending Appeal (Dkt. No. 14-1). At present, Defendants-Appellees' response is due on July 23, 2025 (*see* Dkt. No. 21). If the extension is granted, the new deadline will be July 28, 2025. This deadline has not been previously extended and is being requested for the three reasons described below.

*First*, this appeal raises procedural and jurisdictional questions that go beyond the substance and merits (or demerits) of Plaintiffs-Appellants' arguments, and which must be addressed before the Court considers the substance of Plaintiffs-Appellants' motion for preliminary injunction pending appeal. These preliminary matters, which will be addressed in the forthcoming Response and Motion to Dismiss, include (a) the Court's lack of jurisdiction to review an improper interlocutory appeal while motions for preliminary injunction and for preliminary injunction pending appeal are still pending before the district court;[1] (b) the Court's

---

[1] Although Plaintiffs-Appellants' motion suggests that Judge Gergel denied "all pending motions," his order and docket entry reflect a more complicated procedural posture. The district court's order staying the case stated that "all pending motions (Dkt. Nos. 51, 80, 85, 86, 87, 88, and 90) are denied without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner." (ECF No. 92 at 4 n.3.) The itemized list of pending motions that were denied did not include Minor Plaintiff's motion for preliminary injunction (ECF No. 9) or motion for class certification (ECF No. 10). Consequently, Defendants-Appellees believe that Minor

2

lack of jurisdiction to review unappealable district court orders staying the underlying case and denying a subsequent yet inoperative motion for preliminary injunction without prejudice; (c) the Court's lack of jurisdiction to grant injunctive relief as to allegations and claims that are not mentioned in the operative complaint; (d) the Court's inability to grant injunctive relief as to hypothetical, unidentified factual scenarios and legal provisions that Minor Plaintiff describes vaguely as "any similar policy" that may in the future affect Minor Plaintiff's bathroom usage, apparently statewide, "in South Carolina public schools" (Dkt. 14-1 at 1–2); (e) the Plaintiffs-Appellants' lack of standing to seek preliminary injunctive relief from this Court; and (f) the absence of an adequate factual record that would be necessary to issue an injunction even if such relief were jurisdictionally appropriate and narrowly requested (neither of which are true). The need to brief these necessary, preliminary matters, along with the substance of Plaintiffs-Appellants' Motion, requires additional time that Defendants-Appellees' counsel currently lack.

*Second*, an extension is needed due to counsel's other litigation obligations and filing deadlines. Counsel for the State Agency Defendants and the School District Defendants has two filings to prepare and submit this week in *S.C. State*

---

Plaintiff's motion for preliminary injunction and class certification are still pending before the district court, albeit stayed pending the outcome of *B.P.J.* Furthermore, the post-stay motion that Plaintiffs-Appellants filed with the district court seeking an injunction pending appeal (ECF No. 95) remains pending today.

3

*Conference of the NAACP et al. v. Weaver et al.*, C/A No. 3:25-cv-00487-SAL (D.S.C.), and must thereafter prepare for a hearing in that case later this month on a pending dispositive motion and a motion for a preliminary injunction. Counsel for the State likewise have other, impending litigation obligations, such as expedited discovery responses that are due on July 28, 2025, in *ACLU v. Wilson*, C/A 3:25-00537-JFA (D.S.C.).

*Third*, Defendants-Appellees request this extension due to counsels' out-of-state travel and familial commitments. Counsel for the State Agency Defendants and the School District Defendants is out of state from July 14–18, 2025, for a professional conference. In addition, two of his children are scheduled for a multi-day medical treatment during the time allotted under the current deadline. Counsel for the State likewise has a pre-planned travel commitment that will hinder Defendants-Appellees' ability to respond to Plaintiffs-Appellants' Motion by the current deadline. In February 2025, he filed a notice of request for protection from court appearance for the week of July 14–18, 2025, due to a planned out-of-state family vacation. (ECF No. 68.)

The requested extension will not prejudice any party or affect any other deadline. Counsel for Plaintiffs-Appellants' does not consent to this request for an extension.

4

Respectfully submitted,

s/ Miles E. Coleman
    Miles E. Coleman
    NELSON MULLINS RILEY & SCARBOROUGH LLP
    2 West Washington Street / Suite 400
    Greenville, SC 29601
    (864) 373-2300
    miles.coleman@nelsonmullins.com

    *Counsel for Defendants South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

s/ Joseph D. Spate
    Thomas T. Hydrick
    *Solicitor General*
    Joseph D. Spate
    *Deputy Solicitor General*
    Benjamin M. McGrey
    *Asst. Dep. Solicitor General*
    SOUTH CAROLINA OFFICE OF THE ATTORNEY GENERAL
    1000 Assembly St.
    Columbia, SC 29201
    (803) 734-3371
    josephspate@scag.gov

    *Counsel for Defendants State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 976 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


July 16, 2025                                              /s/ Miles E. Coleman
                                                                                                   Miles E. Coleman
                                                                                                   Counsel for Defendants-Appellees