No. 25-1787

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE,
through his parents and next friends JIM DOE and JANE DOE,
*Plaintiff-Appellant,*

v.

STATE OF SOUTH CAROLINA, *et al.*,
*Defendant-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06510
The Honorable Richard M. Gergel

## MOTION OF PLAINTIFF-APPELLANT JOHN DOE
## TO EXPEDITE APPEAL

Linda Correia
Andrew Adelman
CORREIA & PUTH PLLC
1400 16th Street NW #450
Washington, DC 20036
(202) 602-6500
lcorreia@correiaputh.com

Alexandra Z. Brodsky
Sean Ouellette
Adele P. Kimmel
Patrick Archer
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
 (202) 797-8600
abrodsky@publicjustice.net

Counsel for Plaintiff-Appellant
*Additional Counsel on Next Page*

Leila Nasrolahi
PUBLIC JUSTICE
475 14th Street, Suite 610
Oakland, CA 94612
Phone: (510) 622-8150
lnasrolahi@publicjustice.net

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Harper T. Segui
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
825 Lowcountry Boulevard
Mount Pleasant, SC 29464
(919) 600-5000
hsegui@milberg.com

## INTRODUCTION

This appeal arises from John Doe's challenge to a South Carolina law that prohibits transgender students like him from using school restrooms that match their gender identities. John Doe respectfully moves, pursuant to Local Rule 12(c), to expedite briefing and disposition in this appeal.

This Court's current briefing schedule sets John's opening brief and joint appendix due on August 20, 2025, the government's response due on September 19, and John's reply due within twenty-one days of service of the response brief. The new academic year is about to start: John, for one, starts school on August 13, 2025. Accordingly, he seeks to expedite the Court's briefing schedule to minimize the amount of time he and others must endure state-mandated discrimination at school. John respectfully requests that the Court permit expedited briefing as follows:

    Opening Brief & Appendix: August 7, 2025

    Response Brief: August 29, 2025

    Reply Brief: September 11, 2025

This accelerated schedule is practicable for the parties, who have already briefed the relevant issues many times. John also requests that, given

1

the urgency of his circumstances, this appeal be decided without oral argument. In accordance with Local Rule 27(a), counsel for the government received notice of this motion and intend to oppose it.

## BACKGROUND

Last summer, South Carolina passed a budget proviso that requires all public schools to ban transgender students from using restrooms that correspond to their gender identities. *See* H. 5100, Appropriation Bill 2024-2025, Part IB § 1.120 (Act No. 226, 2024 S.C. Acts), https://perma.cc/3SXF-8JPG. This Court has already held that such laws violate the Constitution and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. *See Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 606-19 (4th Cir. 2020). And yet South Carolina's law was in effect for the entire 2024-2025 school year, harming transgender students across the state. A110-117, A257.[1] South Carolina recently renewed the proviso for 2025-2026. *See* H. 4025, Appropriation Bill 2025-2026, Part IB § 1.114 (Act No. 69, 2025 S.C. Acts), https://perma.cc/3RJ3-AV8L; A281-282. In a few weeks, when the school year starts back up,

---

[1] Citations in the form of A### are citations to the appendix attached to John's motion for an injunction pending appeal. *See* App., ECF No. 14-2.

2

transgender students will again face state-mandated discrimination at school. *See* A284.

One of those students is John Doe. John has already missed out on nearly an entire year of middle school because of the ban. A176-177, A179, A283. In the fall 2024 semester, while at Cane Bay Middle School in the Berkeley County School District, John used boys' restrooms. A170. No students complained. A170-171. Nonetheless, after receiving reports from teachers, the School District suspended John for doing so, citing the proviso, and threatened to expel him if he continued. A176.

When John returned to school after his suspension, the School District instructed teachers to closely monitor John's use of the restrooms. *See* A172. Teachers began, for the first time, leading their classes of middle school students to the restroom in lines to monitor who was using which restroom. A172. More than once, a teacher yelled at John for trying to use a boys' restroom and prevented him from relieving himself. A172. In those instances, John spent the rest of the school day feeling physically uncomfortable from a full bladder and having trouble focusing on his classes. A172. The monitoring also encouraged John's peers to harass him about his gender identity. A172.

3

In September 2024, John's parents decided to withdraw John from Cane Bay because of the school's refusal to permit John to use boys' restrooms, combined with peer harassment exacerbated by the proviso. A176. John then enrolled in an online school, which offered fewer educational and social opportunities than Cane Bay. A176-177. He became increasingly academically disengaged and socially isolated. A176-177. As a result, John stopped attending school. A179. In January 2025, the online school withdrew John because of these absences. A179. John's parents then homeschooled John for the remainder of the 2024-2025 school year using an online curriculum. A283. Homeschooling was "no replacement for the educational and social opportunities of attending a public school in person." A283.

Since leaving the School District, John has wanted to return, if only he could use the boys' restrooms. A172-173. John and his parents therefore faced an "impossible" choice for the coming school year. A284. John's parents are "desperate" for him to return to in-person education, given its social and academic benefits. A284. But so long as the proviso is in effect, John will face "intolerable discrimination" at school, including suspension or expulsion for using boys' restrooms. A284. After multiple

4

family discussions, John and his parents have made the "heart-wrenching" decision to re-enroll him in a School District high school for the 2025-2026 academic year, which starts August 13. A284; *see also* A300 (noting that, in early July, John's parents submitted the necessary paperwork for John to re-enroll).

Last November, John and his co-plaintiff, a Charleston-based advocacy group, filed this lawsuit asserting that the ban violates Title IX and the Equal Protection Clause. *See* A014-034. Days later, John filed a motion for a preliminary injunction to prohibit the government from enforcing or complying with the ban with respect to him or a putative class of transgender students. Pl.'s Mot. for Prelim. Inj., Dist. Ct. ECF No. 9; Pl.'s Mot. for Class Certification, Dist. Ct. ECF 10. After discovery, those motions were fully briefed by the end of January 2025. *See* Reply Supp. Pl.'s Mot. for Class Certification, Dist. Ct. ECF No. 48; Reply Supp. Pl.'s Mot. for Prelim. Inj., Dist. Ct. ECF No. 49. Months later, the school year ended—foreclosing John's hope of returning for eighth grade—and the court still had not ruled.

In early June, South Carolina renewed the bathroom ban for the new fiscal year starting July 1. *See* A285-286, A288, A290-291. So, the

5

plaintiffs sought a status conference to discuss, before that date, how the district court would like the parties to proceed given this legislative development. *See* Mot. for Status Conference, Dist. Ct. ECF No. 80. When the court had not ruled on that motion by the last week of June, the plaintiffs sought leave to amend their complaint to reflect the renewal of the law. *See* Pls.' Mot. for Leave to Amend Compl., Dist. Ct. ECF No. 85. And when, on July 1, the new fiscal year started and the renewed bathroom ban went into effect, John then filed a renewed motion for a preliminary injunction. Pl.'s Renewed Mot. for Prelim. Inj., Dist. Ct. ECF No. 88.

On July 8, the district court *sua sponte* stayed the case "until the Supreme Court enters an order on the merits in [*West Virginia v.*] *B.P.J.*,"—a case about transgender students' participation in athletics— "or the Supreme Court's October 2025-June 2026 term ends, whichever is sooner." A295. In the same order, and in a subsequent entry, the Court then "denied without prejudice" "[a]ll pending motions . . . with leave to restore and/or supplement" once the stay lifts. A295-296. With school starting in August, John could not afford to keep waiting. A284. So, the day after the district court denied his motion for a preliminary injunction, John filed an appeal. A297-298. Soon after, he sought—first from the

6

district court, then from this Court—an injunction pending appeal protecting his right to use boys' restrooms at school. Pl.'s Mot. for Prelim. Inj. Pending Appeal, Dist. Ct. ECF No. 95; Pl.-Appellant's Mot. for Inj. Pending Appeal, ECF No. 14-1. That motion did not seek relief for the rest of the putative class. Pl.'s Mot. for Prelim. Inj. Pending Appeal, Dist. Ct. ECF No. 95; Pl.-Appellant's Mot. for Inj. Pending Appeal, ECF No. 14-1.

## ARGUMENT

This Court should expedite John's appeal pursuant to Local Rule 12(c) because John and other transgender students like him need urgent relief. *See* Loc. R. 12(c) ("The Court on its own motion or on motion of the parties may expedite an appeal for briefing and oral argument."). In the coming weeks, John and other students across South Carolina will start school. *See, e.g.*, A284. And unless this Court provides him with desperately needed relief, John will soon face further discrimination at school, including possible suspension or expulsion for using boys' restrooms. The parties are able to present the appeal on the existing record, and oral argument is not necessary.

7

## I. John needs urgent relief to prevent fast-approaching harm.

"[A] deprivation of constitutional rights calls for prompt rectification." *Watson v. City of Memphis*, 373 U.S. 526, 532–33 (1963). Accordingly, this Court routinely expedites appeals where litigants face constitutional and statutory harms that are imminently approaching. *See* Order, *League of Women Voters of N.C. v. North Carolina*, No. 14-1859 (4th Cir. Sept. 9, 2014), ECF No. 39 (expediting briefing in state election law case to be completed by September 17 because last day for voter registration was October 10 and election was November 4); Order, *Leaders of Beautiful Struggle v. Balt. Police Dep't*, No. 20-1495 (4th Cir. May 1, 2020), ECF No. 22 (accelerating briefing schedule where police department had recently launched allegedly unconstitutional surveillance program); Order, *Mahmoud v. McKnight*, No. 23-1890 (4th Cir. Sept. 25, 2023), ECF No. 44 (accelerating briefing schedule in school curriculum case where school year had recently started).

John has already suffered under the restroom ban for an entire school year. Last fall, under threat from the State, the School District suspended John and threatened to expel him if he tried to use the boys' restrooms again. *See, e.g.*, A070-071, A073, A076-077, A171-172. To avoid

8

using the restroom, John often held his urine, which was so uncomfortable that he could not focus on his classes. *See* A172. The ban also spurred peer harassment. *See* A172. John was "so upset by the harassment and invasive monitoring of [his] restroom use at school that, sometimes, [he] could not even go to school." A172. To avoid the discrimination, John withdrew from the School District and spent the rest of eighth grade trying to learn from home, isolated from peers and disengaged from his studies. *See* A172, A283.

When John returns to school on August 13, he is likely to face more discipline and suffer more of the dignitary, stigmatic, emotional, and physical harms the restroom ban imposed last year. *See Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018) ("[P]ast enforcement . . . is good evidence that the threat of enforcement is not chimerical."). Each day that goes by without an injunction, John will risk suspension or expulsion for using gender-appropriate restrooms. If the School District suspends him (as it did last year) or expels him (as it threatened to do) he will miss out on even more class time, severely disrupting his education. A241. To avoid these punishments, John may try to hold his urine, as he tried to do last year, risking physical injuries and distracting him from his studies.

9

A172. And each day at his new school, among new friends and teachers, John will again be "publicly brand[ed] . . . with a scarlet 'T'," fomenting further harassment by his peers. *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 618 (4th Cir. 2020). By expediting this appeal, the Court can minimize the potential for future harm and provide John with a fresh start as he begins high school.

The same is true for other members of the putative class, who will be vulnerable to enforcement of the proviso even if this Court grants John's motion for an injunction pending appeal. John's expert has provided evidence that excluding transgender students from gender-appropriate restrooms inflicts severe emotional distress. A109-A116. It leads to physical pain and risks urinary tract and kidney infections because students hold their urine to avoid using the restroom. A116-117. It contradicts treatment protocols for gender dysphoria. A101, A114-115. It outs students as transgender without their consent. A115. It invites harassment and violence toward transgender students. A115-116. And it detracts from students' education when they cannot focus in class and miss school as a result. A117. A swift disposition of this appeal will ensure that all members of the putative class can learn free from this discrimination.

*See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (explaining that "courts may issue temporary relief to a putative class" prior to a ruling on class certification).

## II. The parties can present the appeal on the existing record and oral argument is not necessary.

The parties can brief this appeal on the existing record, reflected in the forthcoming Joint Appendix. The parties do not need to order a transcript because no hearings occurred at the district court. Additionally, an accelerated briefing schedule is feasible because the parties have already briefed the central issues multiple times at the district court, and are in the process of doing so, in abbreviated form, before this Court. *See, e.g.*, Mem. Supp. Pl.'s Mot. for Prelim. Inj. Pending Appeal, Dist. Ct. ECF No. 95-1; Defs.' Resp. Pl.'s Mot. for Prelim. Inj. Pending Appeal, Dist. Ct. ECF No. 98; Reply Supp. Pl.'s Mot. for Prelim. Inj. Pending Appeal, Dist. Ct. ECF No. 99; Not. Suppl. Authority, Dist. Ct. ECF No. 83; Pl.'s Resp. Not. Suppl. Authority, Dist. Ct. ECF No. 89; Mem. Supp. Pl.'s Renewed Mot. for Prelim. Inj., Dist. Ct. ECF No. 88-1; Mem. Supp. Pl.'s Mot. for Prelim. Inj., Dist. Ct. ECF No. 9-1; Defs.' Resp. Mot. for Prelim. Inj., Dist. Ct. ECF No. 39; Reply Supp. Pl.'s Mot. for Prelim. Inj., Dist. Ct. ECF No. 49; Pl.-Appellant's Mot. for Inj. Pending Appeal, ECF No. 14-1. Finally, oral

11

argument is not necessary in this case, where "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(2)(C). This appeal presents a straightforward application of Fourth Circuit precedent. *See Grimm*, 972 F.3d 586. And students' need for urgent relief, *see supra* pp. 8-11, outweighs any potential benefits of oral argument.

## CONCLUSION

The Court should expedite this appeal and adopt John Doe's proposed briefing schedule.

July 22, 2025

Respectfully submitted,

/s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky
Sean Ouellette
Adele P. Kimmel
Patrick Archer
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net
souellette@publicjustice.net
akimmel@publicjustice.net
parcher@publicjustice.net

12

Leila Nasrolahi
PUBLIC JUSTICE
475 14th Street, Suite 610
Oakland, CA 94612
Phone: (510) 622-8150
lnasrolahi@publicjustice.net

Linda Correia
Andrew Adelman
Correia & Puth PLLC
1400 16th Street NW #450
Washington, DC 20036
(202) 602-6500
lcorreia@correiaputh.com
aadelman@correiaputh.com

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Harper T. Segui
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
825 Lowcountry Boulevard
Mount Pleasant, SC 29464
(919) 600-5000
hsegui@milberg.com

13

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 2,349 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Century Schoolbook font.

Dated: July 22, 2025                    */s/ Alexandra Z. Brodsky*
                                        Alexandra Z. Brodsky
                                        *Counsel for Plaintiff-Appellant*