No. 25-1787

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE, ET AL.,
*Plaintiffs-Appellants*,

v.

STATE OF SOUTH CAROLINA, ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06420-RMG

## DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE APPEAL

Joseph D. Spate
*Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

Miles E. Coleman
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................2

    I.    An expedited appeal is not necessary because this appeal should be dismissed for lack of jurisdiction........................................................2

    II.    An expedited appeal is not necessary because, even if this Court had jurisdiction, Minor Plaintiff is unlikely to obtain injunctive relief ............5

    III.    Even if Minor Plaintiff prevails in this appeal, an expedited appeal would be futile .........................................................................................8

    IV.    An expedited appeal would not be appropriate because the issues on appeal have not been previously briefed by the parties .......................9

    V.    Oral argument would significantly aid this Court's decisional process...10

    VI.    The Court should not decide the motion for expedited briefing until after deciding Minor Plaintiff's motion for preliminary injunction pending appeal and Defendants-Appellees' forthcoming motion to dismiss ........12

    VII.    Judicial economy counsels against hasty review of this case ..................13

CONCLUSION ..................................................................................................13

CERTIFICATE OF COMPLIANCE ..................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ...................................................................................................3
*Cohen v. Rosenstein*,
   691 F. App'x 728 (4th Cir. 2017)................................................................... 2, 3, 7
*Def. Distributed v. Att'y Gen. of New Jersey*,
   972 F.3d 193 (3d Cir. 2020) ...................................................................................4
*Frazier v. Prince George's Cnty., Maryland*,
   86 F.4th 537 (4th Cir. 2023)...................................................................................9
*Grimm v. Gloucester Cnty. Sch. Bd.*,
   972 F.3d 586 (4th Cir. 2020)...........................................................................5, 11
*Int'l Nickel Co. v. Martin J. Barry, Inc.*,
   204 F.2d 583 (4th Cir. 1953)..................................................................................4
*Laufer v. Naranda Hotels, LLC*,
   60 F.4th 156 (4th Cir. 2023)...................................................................................5
*N.L.R.B. v. Bluefield Hosp. Co., LLC*,
   821 F.3d 534 (4th Cir. 2016)..................................................................................7
*Omega World Travel, Inc. v. Trans World Airlines*,
   111 F.3d 14 (4th Cir. 1997) ....................................................................................3
*United States v. Anderson*,
   No. 23-4531, 2024 WL 3738779 (4th Cir. Aug. 9, 2024)......................................7
*United States v. Ramsey*,
   726 F. App'x 194 (4th Cir. 2018).......................................................................7, 8
*United States v. Skrmetti*,
   145 S.Ct. 1816 (2025) .................................................................................... 11, 12
*West Virginia v. B.P.J.*,
   No. 24-43, 2025 WL 1829164 (2025).................................................................. 1
*Winter v. Natural Resources Defense Council, Inc.*,
   555 U.S. 7 (2008) ...................................................................................................6

**Rules**

FED. R. APP. P. 34(a)(2)(C) ...................................................................................10

## INTRODUCTION

Minor Plaintiff (captioned as Plaintiff-Appellant "John Doe") mischaracterizes this case as a garden variety appeal of a district court's denial of a motion for preliminary injunction. (Dkt. 25 at 8.) From that mistaken premise, Minor Plaintiff attempts to expedite this Court's review under the apparent notion that preliminary injunctive relief is the primary question and ultimate remedy available in this appeal. *Id.* at 9. But pausing to examine the nature of this appeal reveals a very different story. Really, this case presents jurisdictional and procedural questions that precede, and are unrelated to, the traditional preliminary injunction factors. Those questions require deliberate, rather than hasty, consideration by this Court.

As a threshold matter, for example, the Court must determine whether it has jurisdiction over this appeal. It doesn't. As will be explained in Defendants' forthcoming motion to dismiss and response to Minor Plaintiff's motion for a preliminary injunction pending appeal, the orders being appealed are not appealable. And even if they were, Minor Plaintiff lacks standing to warrant this Court's jurisdiction.

Even if Minor Plaintiff could clear the jurisdictional hurdle, the issues presented to this Court are not actually related to whether a preliminary injunction should be, or should have been, granted. The actual issues on appeal are: (1) whether the district court abused its discretion by staying this case pending either the outcome of *West Virginia v. B.P.J.*, No. 24-43, 2025 WL 1829164 (2025), or the end of the

1

Supreme Court's October 2025–June 2026 term, whichever is sooner; and (2) whether the district court abused its discretion by denying Minor Plaintiff's premature and inoperative "renewed" motion for a preliminary injunction "without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner." (A292-97.[1]) The parties need time to brief these new issues on appeal. Relatedly, oral argument would significantly aid this Court's decisional process. Expediting this appeal is neither necessary nor appropriate. The Court should deny Minor Plaintiff's motion to expedite the appeal. (Dkt. 25.)

## ARGUMENT

**I.     An expedited appeal is not necessary because this appeal should be dismissed for lack of jurisdiction.**

Appellate jurisdiction is a "threshold inquiry to any appeal." *Cohen v. Rosenstein*, 691 F. App'x 728 (4th Cir. 2017). This Court lacks jurisdiction over this appeal for the reasons to be explained in Defendants-Appellees' forthcoming motion to dismiss and response to Plaintiffs-Appellants' motion for preliminary injunction pending appeal. In the absence of an appropriately docketed appeal, no briefing—and

---

[1] All appendix citations in this brief relate to the appendix that Plaintiffs-Appellants filed in support of Minor Plaintiff's motion for a preliminary injunction pending appeal. (Dkt. 14-2.) Consistent with this Court's briefing order, (Dkt. 3), the parties' Joint Appendix will be filed with this Court on or before August 20, 2025.

2

especially no expedited briefing—is appropriate. The following is a preview of Defendants-Appellants' arguments in favor of dismissal.

*First*, the orders that are the subject of this appeal are not appealable. This Court "may exercise jurisdiction only over final orders and certain interlocutory and collateral orders." *Id.* (cleaned up).

For starters, the "renewed" motion for preliminary injunction was never operative because it sought injunctive relief as to provisions of law that were not challenged in the operative complaint.² *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality *alleged in the complaint*.") (emphasis added). It also improperly sought relief as to persons who are not parties to the underlying suit. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (requiring a plaintiff seeking injunctive relief to "demonstrate a case or controversy" with the defendant "that would justify the

---

² Tellingly, Minor Plaintiff realized an amended complaint was needed prior to requesting preliminary injunctive relief as to the new proviso. That's why Minor Plaintiff filed a motion to amend the complaint to purportedly assert claims challenging the new proviso and filed a motion to amend the original motion for preliminary injunction or to expedite briefing on a new motion relating to those new purported claims. (ECF Nos. 85 and 86.) Only after the district court did not act on those motions for five days did Minor Plaintiff file a "renewed" motion for preliminary injunction. (ECF No. 88.)

3

equitable relief sought."). And as Minor Plaintiff admitted, the denial of that motion was "not on the merits," (Dkt No. 11-1 at 7); it was denied "without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner." (A295 n.3;) *see also Def. Distributed v. Att'y Gen. of New Jersey*, 972 F.3d 193, 199 (3d Cir. 2020) ("the Court removed the ['renewed' preliminary injunction] motion from its docket pending the stay, made clear it did so without prejudice, and thus did not substantively deny the request for an injunction or dismiss the claims on which it is based.").

The stay order is likewise not appealable because, *inter alia*, it did not expressly deny an injunction or have the practical effect of denying an injunction. *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 585 (4th Cir. 1953) (it is "clear that the order [st]aying proceedings in the case is neither a final order nor an order granting or denying an interlocutory injunction. It is merely an interlocutory order stating what the court purposes to do, which may be revoked or superseded at any time."). In fact, Minor Plaintiff's original motion for preliminary injunction is still pending before the district court.[3] As such, the stay order is not appealable.

---

[3] The orders being appealed denied a list of "pending" motions, which did not include Minor Plaintiff's original motion for preliminary injunction, docketed with the district court as Docket Number 9. (A292-97.) Additionally, in their response to Minor Plaintiff's motion for a preliminary injunction pending appeal, Defendants-Appellants represented to the district court their belief that Docket Number 9 is still

4

*Second*, Minor Plaintiff does not have standing to raise this appeal. When determining standing, a court "must look to the facts at the time the complaint was filed." *Laufer v. Naranda Hotels, LLC*, 60 F.4th 156, 161 (4th Cir. 2023) (cleaned up). This appeal relates to Minor Plaintiff's request for injunctive relief as to a proviso that is not even mentioned in the operative complaint. The operative complaint was filed in November 2024, seeking injunctive relief as a to a FY 2024-2025 proviso, whereas the "renewed" motion for preliminary injunction seeks injunctive relief as to a FY 2025-2026 proviso. Minor Plaintiff has not even alleged, let alone demonstrated by evidence, standing to challenge the FY 2025-2026 proviso. No facts alleged in November 2024 as to the 2024-2025 school year demonstrate Minor Plaintiff's current standing to challenge a proviso covering the 2025-2026 school year. As a result, Minor Plaintiff lacks standing. And this Court, in turn, does not have jurisdiction to hear this appeal.

II.  **An expedited appeal is not necessary because, even if this Court had jurisdiction, Minor Plaintiff is unlikely to obtain injunctive relief.**

Minor Plaintiff argues, apparently without irony, that "[t]his appeal presents a straightforward application" of *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586 (4th Cir. 2020). (Dkt. 25 at 14.) Not so. Even if this Court had jurisdiction here, this

---

pending. (ECF 98 at 1 n.1.) In its order denying the motion for preliminary injunction pending appeal, the district court did not correct that understanding. (ECF No. 103.) As such, until a formal order is entered denying Minor Plaintiff's original motion for preliminary injunction, it is still pending.

5

appeal involves facts that differ materially from *Grimm* and, even more fundamentally, presents procedural questions that do not reach the merits of the purported claims in Minor Plaintiff's complaint. In the unique procedural posture of this case, the issue before the Court isn't the routine question of whether a district court correctly applied the factors from *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and denied a preliminary injunction. It's whether, in the peculiar procedural state of the pleadings, framed against a fluid and evolving precedential backdrop, the district court appropriately preserved the status quo and deferred the analysis of the injunctive factors until after the law and standard are certain. Ultimately, this appeal isn't really about whether preliminary injunctive relief is or is not ultimately available under the *Winter* factors (which is a question the district court hasn't even reached yet in the orders being appealed), so time is not of the essence.

The true nature of the appeal is apparent from Minor Plaintiff's notice of appeal, which relates to the district court's "orders denying all of Plaintiffs' pending motions (ECF Nos. 92, 93) and staying this case (ECF No. 92)." (ECF No. 94 at 1.) As for the denial of "pending motions," the focus of the appeal of that order is clearly the denial of the "renewed" motion for preliminary injunction. (ECF No. 88;) *see also* (Dkt. 25 at 8) (characterizing the procedural posture of this appeal as following from the district court's alleged denial of Minor Plaintiff's "renewed" motion for a

6

preliminary injunction); *id.* at 13–14 (describing the "central issues" to be briefed on appeal exclusively by reference to prior briefing on motions for preliminary injunction). So, properly understood, the questions to be decided by this Court on appeal are the following:

*First*, did the district court abuse its discretion by staying this case "until the Supreme Court enters an order on the merits in *B.P.J.* or the Supreme Court's October 2025-June 2026 term ends, whichever is sooner"? (A295); *see also Cohen*, 691 F.App'x at 728 (this Court reviews a district court's imposition of a stay for abuse of discretion) (cleaned up). And *second*, did the district court abuse its discretion when it denied Minor Plaintiff's "renewed" motion for a preliminary injunction "without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner"? (A295 n.3, A296;) *see also Cohen*, 691 F. App'x at 729 (this Court "review[s] the district court's denial of a preliminary injunction for abuse of discretion.") (cleaned up).

The abuse-of-discretion standard is "highly deferential" and "should not be overly searching." *United States v. Anderson*, No. 23-4531, 2024 WL 3738779, at *1 (4th Cir. Aug. 9, 2024) (cleaned up). In fact, under the abuse-of-discretion standard, the decision being appealed is "presumptively valid." *N.L.R.B. v. Bluefield Hosp. Co., LLC*, 821 F.3d 534, 546 (4th Cir. 2016) (cleaned up); *see also United*

7

*States v. Ramsey*, 726 F. App'x 194, 195 (4th Cir. 2018). So, even if Minor Plaintiff can convince this Court to ignore the glaring jurisdictional problems, Minor Plaintiff faces an exceedingly high hurdle on the merits of the appeal.

**III.   Even if Minor Plaintiff prevails in this appeal, an expedited appeal would be futile.**

Minor Plaintiff argues that expedited briefing is necessary to "minimize the potential for future harm" and to provide Minor Plaintiff "with a fresh start" as Minor Plaintiff "begins high school." (Dkt. 25 at 12.) But even under the proposed briefing schedule, briefing would not end until September 11, which is approximately a month after the start of school. *Id.* at 7. And even if this Court dispensed with oral argument (which it should not do, because oral argument is needed here), the Court would still need time to decide the legal issues at play in this appeal. A decision as soon as October would still be two months after the start of school, which would be well after Minor Plaintiff "begins high school." (Dkt. 25 at 12.)

Additionally, even if Minor Plaintiff succeeds in this appeal on the merits, the result would not be a preliminary injunction. And it would not result from a "straightforward application" of *Grimm*. (Dkt. 25 at 14). The most that Minor Plaintiff could likely obtain from this appeal is an order (1) vacating the district court orders being appealed, and (2) remanding to the district court with instructions to enter a written order, with prejudice, either granting or denying the "renewed" motion for preliminary injunction, and providing factual findings and legal conclusions in the written

8

order. *See, e.g.*, *Frazier v. Prince George's Cnty., Maryland*, 86 F.4th 537, 545 (4th Cir. 2023). Again, a preliminary injunction is likely not even an available remedy in this appeal. So, there is no need for expedited briefing here.

But let's go a step further. Even if Minor Plaintiff prevails on appeal and the district court orders being appealed are vacated and remanded, Minor Plaintiff is unlikely to succeed there. The district court recently denied Minor Plaintiff's motion for preliminary injunction pending appeal because Minor Plaintiff is "unable to meet" the "demanding standard" of making a "clear showing" of likelihood of success on the merits. (ECF No. 103 at 4.) That's "in light of the significant recent legal developments in the Supreme Court which have brought into question the proper legal standards to apply when addressing the rights of transgender students under the Equal Protection Clause and Title IX." *Id.* As a result, Minor Plaintiff is unlikely to be granted preliminary injunctive relief at the district court on a remand posture. Once again, Minor Plaintiff cannot demonstrate a need for expedited briefing here.

**IV.   An expedited appeal would not be appropriate because the issues on appeal have not been previously briefed by the parties.**

Minor Plaintiff argues that an accelerated briefing schedule is feasible because the parties have "already briefed the central issues multiple times at the district court" and are "in the process of doing so, in abbreviated form, before this Court." (Dkt. No. 25 at 13.) Minor Plaintiff then cites to all prior briefing on motions for preliminary injunction and argues that this appeal simply presents a "straightforward

9

application" of *Grimm*. *Id.* at 13-14. But as noted above, the "central issues" in this appeal are not the traditional preliminary injunction factors but rather jurisdictional questions and procedural issues of whether the district court abused its discretion in staying this case and denying without prejudice a supposedly "renewed" motion for preliminary injunction pending the outcome of *B.P.J.* Whether this Court has jurisdiction over this appeal and whether the abuse of discretion standard was met as to the orders being appealed has not been briefed at the district court or this Court, and the parties need time to fully brief those new issues on appeal.

## V. Oral argument would significantly aid this Court's decisional process.

Importantly, "[o]ral argument *must* be allowed in *every* case unless a panel of three judges who have examined the briefs and record *unanimously* agrees that oral argument is unnecessary" when "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FED. R. APP. P. 34(a)(2)(C). Here, the presumption of allowing oral argument has not been overcome by Minor Plaintiff's suggestions to the contrary.

Minor Plaintiff argues that oral argument is not necessary in this case because this appeal merely presents a "straightforward application" of *Grimm*. (Dkt. 25 at 14.) But *Grimm* is not dispositive of this Court's jurisdiction over this case or the procedural questions as to whether the district court abused its discretion in staying

10

the underlying case and denying Minor Plaintiff's "renewed" motion for preliminary injunction without prejudice pending the outcome of *B.P.J.* These important jurisdictional and procedural questions require fulsome briefing and oral argument. As such, the Court would benefit from oral argument to explore the merits of the arguments on appeal.

Moreover, even if this Court had jurisdiction to review this appeal, and even if *Grimm* mattered to this appeal, *Grimm* would not weigh in Minor Plaintiff's favor. Not only does this case address factual, scientific, and legal realities that were not present in *Grimm*, (ECF No. 51 at 33–38), but the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S.Ct. 1816 (2025), dramatically undercuts the legal logic in *Grimm* so as to deplete its precedential value. The district court properly recognized that what remains of *Grimm* faces an uncertain future as the Supreme Court will soon decide issues that will impact *Grimm* in *B.P.J.*

As the district court noted in its order denying Minor Plaintiff's motion for preliminary injunction pending appeal:

> *Skrmetti*'s use of a rational basis standard for a gender identity-based equal protection claim appears to conflict with the heightened level of scrutiny applied by the Fourth Circuit in a key case relied upon by Plaintiff, *Grimm v. Gloucester County Board of Education*, 972 F.3d 586, 609 (4th Cir. 2020), leaving unsettled the proper legal standard to be applied to a challenge to the Proviso in this action.

11

(ECF No. 103 at 2.) Further, "[t]he granting of *certiorari* in *B.P.J.*[], so close in time to the Supreme Court's decisions in *Skrmetti* and [*Folwell v.* ]*Kadel*, suggests that the Supreme Court is taking a hard look at the appropriate legal standards for transgender students under both the Equal Protection Clause and Title IX." *Id.* at 3. Indeed, "these major recent decisions of the highest court of the land" "appear to either reject or bring into question" the "Fourth Circuit's heightened scrutiny standard." *Id.* at 4. And "recent decisions of the United States Supreme Court … appear to draw into question the appropriate legal standard to be applied in student transgender rights claims arising under the Equal Protection Clause and Title IX." *Id.* at 3.

Because this case does not simply present a "straightforward application" of *Grimm*, this Court needs to hear from the parties and give Defendants their day in court to demonstrate why this Court should "leave questions regarding its policy to the people, their elected representatives, and the democratic process." *Skrmetti*, 2025 WL 1698785, *14.

**VI.  The Court should not decide the motion for expedited briefing until after deciding Minor Plaintiff's motion for preliminary injunction pending appeal and Defendants-Appellees' forthcoming motion to dismiss.**

The question of expedited briefing should be secondary to the Court's consideration of Minor Plaintiff's motion for preliminary injunction pending appeal and Defendants-Appellees' forthcoming motion to dismiss. If the Court dismisses this

12

appeal, merits briefing will not be necessary. If the Court denies the motion for preliminary injunction pending appeal (which it should), Minor Plaintiff's likelihood of success is low, and there's no reason to rush headlong forward and inhibit the parties' ability to brief this appeal fully and carefully. In contrast, if the Court grants the motion for preliminary injunction pending appeal (which it shouldn't), there would be no need to rush through the briefing on the merits, even under Minor Plaintiff's misguided theory that injunctive relief is the ultimate remedy to be obtained from this Court on the merits.

## VII. Judicial economy counsels against hasty review of this case.

Even if this Court had jurisdiction over this appeal, the prudent thing to do is what the district court did—pause to see what the Supreme Court decides to do. Indeed, as the district court noted in its denial of Minor Plaintiff's motion for preliminary injunction pending appeal, "maintaining the status quo promotes stability in the law and judicial economy and will afford the Court the opportunity to apply the anticipated guidance from the *B.P.J.* decision in the near future." (ECF No. 103 at 4.) There is no need to proceed, much less hastily, when the issues in this case are being actively considered by the Supreme Court. It is more efficient to wait and see what the law is before proceeding.

## CONCLUSION

The Court should deny Minor Plaintiff's motion to expedite the appeal.

13

July 25, 2025

Respectfully submitted,

s/ Joseph D. Spate
Thomas T. Hydrick
*Solicitor General*
Joseph D. Spate
*Deputy Solicitor General*
Benjamin M. McGrey
*Asst. Dep. Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

s/ Miles E. Coleman
Miles E. Coleman
NELSON MULLINS RILEY &
SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

14

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,321 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

July 25, 2025                              s/ Joseph D. Spate
                                           Joseph D. Spate