No. 25-1787

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE,
through his parents and next friends JIM DOE and JANE DOE,
*Plaintiff-Appellant,*

v.

STATE OF SOUTH CAROLINA, *et al.*,
*Defendant-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06510
The Honorable Richard M. Gergel

**PLAINTIFF-APPELLANT JOHN DOE'S REPLY IN SUPPORT
OF HIS MOTION TO EXPEDITE APPEAL**

Linda M. Correia
Andrew M. Adelman
CORREIA & PUTH PLLC
1400 16th Street NW #450
Washington, DC 20036
(202) 602-6500
lcorreia@correiaputh.com

Alexandra Z. Brodsky
Sean Ouellette
Adele P. Kimmel
Patrick Archer
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net

Counsel for Plaintiff-Appellant
*Additional Counsel on Next Page*

Leila Nasrolahi
PUBLIC JUSTICE
475 14th Street, Suite 610
Oakland, CA 94612
Phone: (510) 622-8150
lnasrolahi@publicjustice.net

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Harper T. Segui
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
825 Lowcountry Boulevard
Mount Pleasant, SC 29464
(919) 600-5000
hsegui@milberg.com

## INTRODUCTION

John Doe moved, pursuant to Local Rule 12(c), to expedite briefing and disposition in this appeal. *See* ECF No. 25. His motion is based on his and other transgender public school students' need for relief from a discriminatory state law as the new academic year approaches. *See id.* Most telling, in the government's opposition, is what it does not say. The government does not contest that, in the absence of an injunction, South Carolina public school students will suffer. And the government does not argue that it is unavailable or otherwise unable to file a brief on John's proposed schedule. Instead, the government tries to kick up dust, primarily by pointing to substantive arguments about the merits of John's appeal. Those are not reasons to deny the motion to expedite.

1. The government is wrong, throughout its brief, that the Court should deny John's motion because, in the government's (unsurprising) view, it is likely to prevail on appeal. This motion is about process, not substance. The correct place for the government to argue that the Court lacks jurisdiction over the appeal, other than its merits response, is in its promised motion to dismiss. *See* Loc. R. 27(f)(2). John is prepared to respond to that motion quickly. If the Court agrees with the government, it

1

will grant that motion and the briefing schedule will be moot, expedited or not. If the Court disagrees, it will already have resolved questions the government insists are central to the case, *see* ECF No. 28 at 1, and expedited disposition will be all the more appropriate.[1]

Moreover, the government's substantive arguments underscore that the parties will be able to brief these issues quickly. The government says that "the parties need time to fully brief . . . new issues" of "[w]hether this Court has jurisdiction over this appeal and whether the abuse of discretion standard was met as to the orders being appealed." ECF No. 28

---

[1] As John will explain in his response to the government's motion to dismiss, its jurisdictional arguments are meritless. For example, the government contends (at 5) that John lacks "standing" because, after he filed his complaint, the state replaced Proviso 1.120 with a new, identical restroom ban, Proviso 114. But "[i]t is the doctrine of *mootness*, not standing, that addresses whether 'an intervening circumstance'"—like the replacement of a challenged statute—"[has] deprive[d] the plaintiff of" standing. *West Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022). To show that a once-live case is moot, the defendant has the "heavy burden" to show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). And a defendant cannot "moot a case by repealing the challenged statute and replacing it with one that differs only in some insignificant respect." *see Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993). Because Proviso 1.114 requires the defendants to implement precisely the same restroom ban under a different name, John's claims are not moot.

at 10. But the government has previewed its jurisdictional arguments in its opposition to the motion to expedite, and promises to flesh them out fully in a "forthcoming motion to dismiss." *Id.* at 2-5. And modifying previous merits briefing to apply an abuse of discretion standard is no arduous task. That is especially true where, as here, the district court did not rest its denial of the preliminary injunction on factual findings, Dist. Ct. ECF No. 92 at 4 n.3; District. Ct. ECF No. 93, and its "legal conclusions" are reviewed de novo. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014). With the benefit of its motion to dismiss, and all the briefing the parties have completed to date, the government can put together a response brief on the proposed timeline, which only shortens its drafting deadline from four weeks to three. *Compare* ECF No. 3 (ordering John to file his merits brief by August 20 and the government to respond by September 19, thirty days later) *with* ECF No. 25 (proposing John file his merits brief by August 7, and the government respond by August 29, twenty-two days later).[2]

---

[2] By contrast, that schedule will reduce John's time to prepare his opening brief and reply by a combined three weeks. *Compare* ECF No. 3 (ordering John to file his merits brief by August 20 and file his reply twenty-one days after the government's response) *with* ECF No. 25 (proposing

3

If, in light of the government's objections, the Court would prefer not to shorten the government's time, John requests that it set his deadline to August 7 and permit the government to respond thirty days after, to speed disposition of the appeal.

2. The government is wrong (at 5-8) about the nature of this case. It admits that "the focus of the appeal . . . is clearly the denial of the 'renewed' motion for preliminary injunction." ECF No. 28 at 6. But the government nonetheless insists that this case is not about "whether preliminary injunctive relief is or is not ultimately available." *Id*. As John's docketing statement makes clear, that is exactly what this case is about. ECF No. 26 at 3 ("Is a South Carolina student entitled to a preliminary injunction . . . ?"). And that question does not require this Court to address whether "the district court abuse[d] its discretion by staying this case." ECF No. 28 at 7.

3. The government is wrong (at 8-9) about the relief available to John. As the government acknowledges, this Court's ordinary practice, when reversing a district court's denial of a preliminary injunction, is to

---

John file his merits brief by August 7, thirteen days early, and file his reply thirteen days after the government's response).

4

vacate the district court's order and remand with instructions for the district court to enter relief. *See, e.g.*, *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 248 (4th Cir. 2014) (reversing in part and remanding with instructions for the district court to enter specified relief); *Newsom ex rel. Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 252 (4th Cir. 2003) (vacating district court's order denying preliminary injunction and remanding with instructions to enter a preliminary injunction); ECF No. 28 at 8 (noting that the Court could "vacate[] the district court orders being appealed, and . . . remand[] to the district court with instructions to enter a written order . . . either granting or denying the 'renewed' motion for preliminary injunction"). In that circumstance, the district court would not be free, as the government suggests (at 9), to disregard the Court's instruction and decline to enter that relief.

      This case is unlike the one the government cites, in which this Court declined to rule on the propriety of interim relief because the record was insufficiently developed, and instead remanded for the district court to reconsider the motion. *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 546 (4th Cir. 2023). But even if this Court did pursue that path, expedited briefing would still be appropriate. In the unlikely event the

5

Court found the record here insufficient, it could (and should) still resolve the question posed and left unanswered by the district court: "the proper legal standards to apply when addressing the rights of transgender students under the Equal Protection Clause and Title IX." ECF No. 28 at 9 (citing Dist. Ct. ECF No. 103 at 4). And the sooner this Court rules, the sooner the case will return to the district court for further proceedings and the sooner John and other transgender students will have an opportunity for relief—which the district court would likely provide with the benefit of this Court's guidance. *See* ECF No. 14-1 at 10-25 (explaining why John is entitled to an injunction).

The more time transgender students can spend in school absent the government's ban the better off they will be. Even if the Court cannot rule until October, as the government asserts (at 8), students will still benefit from relief that comes sooner rather than later.

4. The government is wrong (at 12-13) that this Court needs to wait to resolve the motion to expedite until after it considers John's motion for injunction pending appeal and the government's motion to dismiss. The Court can prioritize disposition of motions as it sees fit. But nothing about the present motion turns on the disposition of those other motions.

6

Moreover, waiting until these other motions are resolved would likely effectively deny John's motion to expedite, since he has proposed filing his opening brief on August 7. *See* ECF No. 25 at 1.

    5. The government is wrong (at 13) that this Court should wait to resolve John's appeal until the Supreme Court resolves a different case concerning transgender students' access to school sports, *West Virginia v. B.P.J. See* 2025 WL 1829164 (2025) (No. 24-43). As John has explained, that case does not present the issues before the Court here. *See* ECF No. 14-1 at 24-25. And, even if it did, this Court has been clear that it will apply its law unless and until it is abrogated, rather than waiting to see what the Supreme Court might do in the future. A "decision of a panel of [the Fourth Circuit] becomes the law of the circuit and is binding . . . unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005). Even when the Supreme Court "grant[s] certiorari" as to a controlling Fourth Circuit case, courts must still apply "the law of this circuit" unless and until the Supreme Court overturns it. *Bethlehem Mines Corp. v. Henderson*, 939 F.2d 143, 151 n.7 (4th Cir. 1991); *see Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)

7

(same); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970) (same); *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1298 (11th Cir. 2007) (same). Accordingly, the Court should apply its controlling precedent now rather than waiting for the Supreme Court to decide *B.P.J.*

## CONCLUSION

For the reasons above and in John's initial motion, the Court should expedite this appeal and adopt his proposed briefing schedule.

July 25, 2025                     Respectfully submitted,

/s/ *Alexandra Z. Brodsky*
Alexandra Z. Brodsky
Sean Ouellette
Adele P. Kimmel
Patrick Archer
PUBLIC JUSTICE
1620 L Street NW
Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net
souellette@publicjustice.net
akimmel@publicjustice.net
parcher@publicjustice.net

Leila Nasrolahi
PUBLIC JUSTICE
475 14th Street, Suite 610
Oakland, CA 94612
Phone: (510) 622-8150
lnasrolahi@publicjustice.net

8

Linda M. Correia
Andrew M. Adelman
Correia & Puth PLLC
1400 16th Street NW #450
Washington, DC 20036
(202) 602-6500
lcorreia@correiaputh.com
aadelman@correiaputh.com

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Harper T. Segui
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
825 Lowcountry Boulevard
Mount Pleasant, SC 29464
(919) 600-5000
hsegui@milberg.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(c) because it contains 1,745 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Century Schoolbook font.

Dated: July 25, 2025                    */s/ Alexandra Z. Brodsky*
                                        Alexandra Z. Brodsky
                                        *Counsel for Plaintiff-Appellant*