No. 25-1787

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN DOE, ET AL.,
*Plaintiffs-Appellants*,

v.

STATE OF SOUTH CAROLINA, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06420-RMG

## DEFENDANTS-APPELLEES' COMBINED MOTION TO DISMISS THE APPEAL AND RESPONSE TO THE MOTION FOR A PRELIMINARY INJUNCTION PENDING APPEAL

Joseph D. Spate
*Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

Miles E. Coleman
NELSON MULLINS RILEY &
SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................. 1

BACKGROUND ............................................................................... 1

ARGUMENT .................................................................................... 5

I. Minor Plaintiff's appeal should be dismissed for lack of jurisdiction .......... 5

   a. The denial of Minor Plaintiff's "renewed" motion for
     preliminary injunction is not appealable. ............................................... 5

      i. The "renewed" motion for preliminary injunction was not
        denied on the merits. ....................................................................... 5

      ii. Minor Plaintiff's original motion for preliminary injunction
        is still pending, so Minor Plaintiff has not been denied
        preliminary injunctive relief on the merits. .................................... 6

      iii. The "renewed" motion for preliminary injunction was never
        operative. ....................................................................................... 7

   b. The stay order is not appealable. .......................................................... 9

      i. The stay order does not expressly deny, or have the
        practical effect of denying, an injunction. .................................... 10

      ii. Minor Plaintiff has failed to show that the stay order will
        have serious or irreparable consequences. .................................... 11

      iii. Minor Plaintiff has failed to show that the stay order can
        only be effectually challenged by immediate appeal .................... 12

   c. The appeal should be dismissed for lack of standing. ......................... 12

II. Even if the Court had jurisdiction over this appeal, Minor Plaintiff's
    Motion for Preliminary Injunction Pending Appeal should be denied ....... 14

   a. Minor Plaintiff is unlikely to succeed on the merits. .......................... 14

   i. *Grimm* is neither analogous nor persuasive...................................14

   ii. Minor Plaintiff is unlikely to succeed on the Title IX claim........17

   iii. Minor Plaintiff is unlikely to succeed on the Equal
    Protection claim. ...........................................................................19

  b. Minor Plaintiff cannot show irreparable harm. ....................................20

  c. The balance of hardships and public interest do not favor an
   injunction. .............................................................................................21

CONCLUSION .....................................................................................................22

CERTIFICATE OF COMPLIANCE ....................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.A.R.P. v. Trump*,
   145 S. Ct. 1364 (2025) ........................................................................................ 10

*Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*,
   57 F.4th 791 (11th Cir. 2022) .......................................................... 16, 17, 18, 20

*B.P.J. v. West Virginia*,
   98 F.4th 542 (4th Cir. 2024) ................................................................................ 3

*Bettis v. City of Eunice*,
   No. CV 20-922 GBW/KRS, 2021 WL 678558 (D.N.M. Feb. 22,
   2021) ..................................................................................................................... 8

*Bratcher v. Clarke*,
   725 F. App'x 203 (4th Cir. 2018) ......................................................................... 6

*Braun v. Coulter Ventures, LLC*,
   No. 2:19-CV-5050, 2020 WL 5909004 (S.D. Ohio Oct. 5, 2020) ....................... 9

*Bridge v. Oklahoma State Dep't of Educ.*,
   711 F. Supp. 3d 1289 (W.D. Okla. 2024) ........................................ 16, 18, 20, 22

*Bryant v. McLean*,
   No. 24-1123, 2024 WL 3963962 (10th Cir. May 10, 2024), *cert.
   denied*, 145 S. Ct. 417 (2024) ........................................................... 6, 10, 11, 12

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 (1981) ............................................................................................. 10

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) .......................................................................................... 8, 9

*Cohen v. Rosenstein*,
   691 F. App'x 728 (4th Cir. 2017) ......................................................................... 5

*D.H. v. Williamson Cnty. Bd. of Educ.*,
  No. 3:22-CV-00570, 2024 WL 4046581 (M.D. Tenn. Sept. 4,
  2024) ...........................................................................................................16, 18

*Def. Distributed v. Att'y Gen. of New Jersey*,
  972 F.3d 193 (3d Cir. 2020) ....................................................................6, 10, 11

*Dep't of Educ. v. Louisiana*,
  603 U.S. 866 (2024)...........................................................................................19

*El v. United States Dep't of Com.*,
  No. 2:18CV190, 2021 WL 1540467 (E.D. Va. Mar. 25, 2021),
  *aff'd*, No. 21-1431, 2021 WL 5564670 (4th Cir. Nov. 29, 2021) .......................9

*Folwell v. Kadel*,
  No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025)...........................................3

*Frazier v. Prince George's Cnty., Maryland*,
  86 F.4th 537 (4th Cir. 2023) ................................................................................6

*Grace v. Vannoy*,
  826 F.3d 813 (5th Cir. 2016) ........................................................................10, 11

*Grimm v. Gloucester County School Board*,
  972 F.3d 586 (4th Cir. 2020) .............................................................4, 14, 15, 16

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988)...........................................................................................10

*Int'l Nickel Co. v. Martin J. Barry, Inc.*,
  204 F.2d 583 (4th Cir. 1953) .............................................................................11

*Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*,
  849 F.3d 615 (5th Cir. 2017) ...............................................................................8

*Kadel v. Folwell*,
  100 F.4th 122 (4th Cir. 2024) (*en banc*)....................................................3, 4, 14

*LaShawn A. v. Barry*,
  87 F.3d 1389 (D.C. Cir. 1996)............................................................................14

*Lowe v. Raemisch*,
  864 F.3d 1205 (10th Cir. 2017) .........................................................................14

*Maryland v. King*,
  567 U.S. 1301 (2012) (Roberts, C.J., in chambers).............................................22

*Omega World Travel, Inc. v. Trans World Airlines*,
  111 F.3d 14 (4th Cir. 1997) ....................................................................................8

*Perez v. San Miguel Homes for the Elderly, LLC*,
  No. 15-CV-05556-DMR, 2016 WL 3709622 (N.D. Cal. Feb. 9,
  2016) ........................................................................................................................8

*Roe v. Critchfield*,
  137 F.4th 912 (9th Cir. 2025) ................................................................16, 18, 20

*Tennessee v. Cardona*,
  2:24-cv-00072-DCR-CJS, ECF No 143 (E.D. KY Jan. 9, 2025)......................19

*Trump v. CASA, Inc.*,
  No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025) ............................9, 21, 22

*United States v. Skrmetti*,
  145 S. Ct. 1816 (2025).............................................................................................3

*W. Virginia v. Env't Prot. Agency*,
  597 U.S. 697 (2022).................................................................................................13

*Warth v. Seldin*,
  422 U.S. 490 (1975).................................................................................................5

*Webster v. Fall*,
  266 U.S. 507 (1925).................................................................................................14

*Wendy's Int'l, Inc. v. Big Bite, Inc.*,
  576 F. Supp. 816 (S.D. Ohio 1983).......................................................................9

*West Virginia v. B.P.J.*,
  No. 24-43, 2025 WL 1829164 (U.S. July 3, 2025) .................3, 4, 12, 14, 17, 20

*Winters v. Warden*,
  No. 3:21-CV-284-DRL-MGG, 2021 WL 2530187 (N.D. Ind. June
  18, 2021) ..................................................................................................................8

## **Statutes**

28 U.S.C. § 1292(a)(1) (2012) ...................................................................................6

## **Other Authorities**

89 Fed. Reg. 33887 ...............................................................................................19

W. Burlette Carter, *Sexism in the "Bathroom Debates": How Bathrooms Really Became Separated by Sex*, 37 YALE L. & POL'Y REV. 227, 259–60, 279, 288 (2018)....................................................................17

## INTRODUCTION

Minor Plaintiff (captioned as "John Doe") seeks the extraordinary relief of a preliminary injunction pending appeal to alter the status quo and enjoin legal provisions that aren't challenged in any operative complaint. The appeal, however, relates to orders that aren't even appealable, and Minor Plaintiff lacks standing to bring the appeal in the first place. The Court should deny Minor Plaintiff's motion and dismiss the appeal for lack of jurisdiction.

## BACKGROUND

In June 2024, the South Carolina General Assembly ratified the General Appropriations Bill for Fiscal Year 2024–2025. The Bill contained budget Proviso 1.120, which provided in part that multi-occupancy public school restrooms shall be designated for use only by members of one sex, and that public school districts shall not permit public schools to use any funds to maintain or operate any restrooms on their premises that are not in compliance with this requirement. *See* H. 5100, General Appropriations Bill for Fiscal Year 2024–2025, Part IB § 1.120(B)–(C)(1) (https://tinyurl.com/yr6asnw7). That Proviso expired on June 30, 2025. Plaintiffs filed the Complaint in this proceeding on November 12, 2024, challenging "the restroom-related provision of South Carolina Budget Proviso 1.120." (ECF No. 1 at 18–21.[1]) Two days later, Minor Plaintiff filed a motion for preliminary injunction as

---

[1] Documents cited herein by ECF numbers can be found, for the Court's convenience, in Defendants-Appellees' Appendix filed concurrently herewith.

to Proviso 1.120, along with a corresponding motion for class certification. (ECF No. 9 at 1); (ECF No. 10 at 6–8). After limited discovery, Defendants responded to the Complaint and the motions for preliminary injunction and class certification. (ECF Nos. 38, 39, 51, 61, 73.)

In June 2025, the General Assembly passed the General Appropriations Bill for Fiscal Year 2025–2026. *See* H. 4025, General Appropriations Bill for Fiscal Year 2025–2026 (https://tinyurl.com/y429yczf). That budget contained a new proviso—Proviso 1.114—with language that mirrored that of Proviso 1.120 from the prior fiscal year. *Id.* at Part IB § 1.114. That proviso took effect on July 1, 2025. *Id.*

Recognizing this impending change in law, Plaintiffs moved on June 25, 2025, for leave to amend their Complaint to assert purported claims against Proviso 1.114. (ECF No. 85.) Confusingly, Plaintiffs' proposed amended complaint also requested relief as to the now-expired Proviso 1.120 and to any hypothetical future iteration of the proviso or other similar rule, policy, or practice. (ECF No. 85-2 at 2–3, 24–25.) Plaintiffs' motion to amend the Complaint hasn't been granted.

Plaintiffs also realized they needed a new motion for preliminary injunction if they wanted to seek an injunction as to the new proviso. So, on June 26, 2025, Minor Plaintiff filed a motion for leave to amend the motion for preliminary injunction or, alternatively, to expedite briefing on a new motion. (ECF No. 86.)

2

Rather than wait for a ruling on the motions for leave, Minor Plaintiff filed a new motion for preliminary injunction five days later. (ECF No. 88.)

Against this backdrop, the Supreme Court decided *United States v. Skrmetti*, 145 S. Ct. 1816 (2025) on June 18, 2025. In that case, the Supreme Court affirmed the Sixth Circuit and declined to apply heightened scrutiny to Tennessee's prohibition on the use of certain medical procedures for gender transition of minors, reasoning that the law classified "on the basis of age …[and] medical use" and was thus subject only to rational basis review. *Id.* at 1829.

On June 30, 2025, the Supreme Court vacated this Court's decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (*en banc*), which applied intermediate scrutiny in holding that limitations on the use of medical procedures for gender transition by persons covered by certain health plans violated the Equal Protection Clause and Title IX. *Folwell v. Kadel*, No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025). The Supreme Court remanded the case for further consideration in light of *Skrmetti*. *Id.*

On July 3, 2025, the Supreme Court granted certiorari in *West Virginia v. B.P.J.*, No. 24-43, 2025 WL 1829164 (U.S. July 3, 2025). The Supreme Court is thus reviewing this Court's decision in *B.P.J. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024), which held that a state statute designating participation in public school

3

sports by biological sex violated the rights of transgender students under the Equal Protection Clause and Title IX.

This Court's decisions in *Kadel* and *B.P.J.* applied heightened scrutiny for state enactments that arguably impact transgender individuals. That standard was first set forth in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020). Plaintiffs in the present case have relied upon *Kadel*, *B.P.J.*, and *Grimm* in briefing various motions throughout the litigation.

Considering the Supreme Court's recent decisions, the district court stayed this case due to "considerable overlap regarding the proper legal standard to be applied to claims of transgender minors" in "challenges to school policies relating to bathroom access and school sports participation under the Equal Protection Clause and Title IX." (ECF 92. at 4.) The district court also denied "pending" motions "without prejudice and with leave to restore and/or supplement once the United States Supreme Court rules in *B.P.J.* or the Supreme Court's 2025-2026 term ends, whichever is sooner." (*Id.* at n.3; *see also* ECF No. 93.)

This appeal followed. Minor Plaintiff seeks to reverse the district court's orders staying the underlying case and denying pending motions without prejudice pending the outcome of *B.P.J.* (Dkt. 14-2 at 300.) Minor Plaintiff also seeks a preliminary injunction of Proviso 1.114 pending appeal, even though Plaintiffs' complaint doesn't raise claims against that proviso. (Dkt. 14-1 at 7–8.)

4

After filing the appeal, Minor Plaintiff moved the district court for a preliminary injunction pending appeal. (ECF No. 95.) That motion was denied. (ECF No. 103.) The district court ruled that Minor Plaintiff was "unable to meet" the "demanding standard" of making a "clear showing" of likelihood of success on the merits. (ECF No. 103 at 4.) That's "in light of the significant recent legal developments in the Supreme Court which have brought into question the proper legal standards to apply when addressing the rights of transgender students under the Equal Protection Clause and Title IX." *Id.*

## ARGUMENT

## I.    Minor Plaintiff's appeal should be dismissed for lack of jurisdiction.

This Court "may exercise jurisdiction only over final orders and certain interlocutory and collateral orders." *Cohen v. Rosenstein*, 691 F. App'x 728 (4th Cir. 2017).  Further, standing is a threshold question in every federal case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Because the appealed orders aren't appealable, and Minor Plaintiff doesn't have standing, this Court should dismiss the appeal.

### a.    The denial of Minor Plaintiff's "renewed" motion for preliminary injunction is not appealable.

#### i.    The "renewed" motion for preliminary injunction was not denied on the merits.

Ordinarily, "[a]n order denying a preliminary injunction is an immediately appealable interlocutory order." *Bratcher v. Clarke*, 725 F. App'x 203, 204 (4th Cir. 2018) (citing 28 U.S.C. § 1292(a)(1) (2012)). Here, "the Court removed the

5

['renewed' preliminary injunction] motion from its docket pending the stay, made clear it did so without prejudice, and thus did not substantively deny the request for an injunction or dismiss the claims on which it is based." *Def. Distributed v. Att'y Gen. of New Jersey*, 972 F.3d 193, 199 (3d Cir. 2020). "Because there has been no ruling, explicitly or effectively, denying the injunction, the appeal must be dismissed." *Id.* at 199–200; *see also Bryant v. McLean*, No. 24-1123, 2024 WL 3963962, at *2 (10th Cir. May 10, 2024), *cert. denied*, 145 S. Ct. 417 (2024).

Even Appellants admit that, in denying Minor Plaintiff's "renewed" motion for preliminary injunction without prejudice, "the district court did not rule on its merits." (Dkt No. 11-1 at 29); *see also id.* at 7 ("not on the merits"). Even beyond the lack of prejudice, it's clear from context that the district court didn't intend to rule on the merits. There was no hearing  and no formal written order providing the district court's analysis. *Frazier v. Prince George's Cnty., Maryland*, 86 F.4th 537, 545 (4th Cir. 2023). The order simply denying that motion without prejudice is not appealable.

### ii.   Minor Plaintiff's original motion for preliminary injunction is still pending, so Minor Plaintiff has not been denied preliminary injunctive relief on the merits.

The seeming denial of Minor Plaintiffs' request for preliminary injunctive relief isn't appealable for another reason: the request is still pending. On November 14, 2024, Minor Plaintiff filed a motion for preliminary injunction as Docket

6

Number 9. (ECF No. 9.) On July 8, 2025, the district court entered a written order staying this case and indicating "[a]ll pending motions (Dkt. Nos. 51, 80, 85, 86, 87, 88, and 90) are denied without prejudice and with leave to restore and/or supplement[.]" (ECF No. 92 at 4 n.3.); *see also* (ECF No. 93) (same). Conspicuously absent from that list is Docket Number 9.

In their response to Minor Plaintiff's motion for a preliminary injunction pending appeal, Defendants-Appellees represented to the district court their belief that Docket Number 9 is still pending. (ECF 98 at 1 n.1.) In its order denying that motion, the district court did not correct their understanding. (ECF No. 103.) That motion is still pending. Minor Plaintiff has not been denied injunctive relief.

### iii.    The "renewed" motion for preliminary injunction was never operative.

The denial of an inoperative motion is not a reviewable or reversible order. That's because "appellate inquiry into the merits of an interlocutory decision on injunction relief ordinarily seeks only to ascertain whether the lower court has abused its discretion." *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 627 (5th Cir. 2017) (cleaned up). "[T]here could be no abuse of discretion by the district court in denying relief based on claims that the court did not have before it." *Id.* at 627.

To be operative, a motion for preliminary injunction must correspond to allegations and claims that are properly raised in the operative complaint. *Omega*

*World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (a preliminary injunction motion seeks relief from "the illegality *alleged in the complaint*.") (emphasis added). Relatedly, injunctive relief cannot extend to hypothetical or speculative future action or to parties not named in the complaint. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

Federal courts routinely deny motions for preliminary injunction that raise allegations or claims not included in the operative complaint. *See*, *e.g.*, *Bettis v. City of Eunice*, No. CV 20-922 GBW/KRS, 2021 WL 678558, at *2 (D.N.M. Feb. 22, 2021); *Winters v. Warden*, No. 3:21-CV-284-DRL-MGG, 2021 WL 2530187, at *2 (N.D. Ind. June 18, 2021); *Perez v. San Miguel Homes for the Elderly, LLC*, No. 15-CV-05556-DMR, 2016 WL 3709622, at *1 (N.D. Cal. Feb. 9, 2016). Such denials aren't an abuse of discretion. *Jefferson Par. Gov't.*, 849 F.3d at 627.

Here, Minor Plaintiff's new motion for preliminary injunction wasn't operative and, therefore, its denial isn't appealable for at least three reasons.

*First*, the motion sought to enjoin a new proviso and other unidentified future practices that are challenged only in the proposed amended complaint, which Plaintiffs have not been granted leave to file. (ECF No. 92 at 4 n.3.) Plaintiffs' purported claims against Proviso 1.114 are not before the district court or this Court and cannot form the basis of any injunctive relief. *See*, *e.g.*, *El v. United States Dep't of Com.*, No. 2:18CV190, 2021 WL 1540467, at *4 (E.D. Va. Mar. 25, 2021), *aff'd*,

No. 21-1431, 2021 WL 5564670 (4th Cir. Nov. 29, 2021); *see also Wendy's Int'l, Inc. v. Big Bite, Inc.*, 576 F. Supp. 816, 820 (S.D. Ohio 1983); *see also Braun v. Coulter Ventures, LLC*, No. 2:19-CV-5050, 2020 WL 5909004, at *3 (S.D. Ohio Oct. 5, 2020).

*Second*, even if the operative complaint challenged Proviso 1.114 or "any other" "future iteration" or similar "rule, policy, or practice," (ECF No. 88 at 1) (which it doesn't), this Court couldn't grant injunctive relief as to hypothetical, unidentified situations and legal provisions that may in the future affect Minor Plaintiff's bathroom usage. *See Lyons*, 461 U.S. at 105.

*Third*, the "renewed" motion for a preliminary injunction was not operative because neither this Court nor the district court has jurisdiction to issue injunctive relief as to individuals or entities that are not named as parties to this suit. *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *4 (U.S. June 27, 2025). Minor Plaintiff's "renewed" motion for a preliminary injunction wasn't operative, and the denial of that motion isn't appealable.

### b.    The stay order is not appealable.

"[A] district court order staying litigation is ordinarily not a final, appealable decision." *Bryant*, 2024 WL 3963962, at *2 (cleaned up). Nor is it an automatically appealable interlocutory order. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287 (1988). Moreover, "stay orders rarely satisfy [the collateral-order]

9

requirements, and therefore, are usually not reviewable as collateral orders." *Grace v. Vannoy*, 826 F.3d 813, 816 (5th Cir. 2016) (cleaned up).

Yes, "[a]ppellate courts have jurisdiction to review interlocutory orders that have 'the practical effect of refusing an injunction.'" *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025) (cleaned up). But it is a "well-established rule that stays are not practical denials of an injunction." *Att'y Gen. of New Jersey*, 972 F.3d at 199. As a result, a stay order pending the outcome of other relevant litigation is "non-appealable." *Id* at 198. But even if such a stay order was appealable, a litigant challenging an interlocutory order that has the practical effect of refusing an injunction must also show that the order "might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (cleaned up). Minor Plaintiff cannot make that showing here.

### i. The stay order does not expressly deny, or have the practical effect of denying, an injunction.

Here, it is "clear that the order [st]aying proceedings in the case is neither a final order nor an order granting or denying an interlocutory injunction. It is merely an interlocutory order stating what the court purposes to do, which may be revoked or superseded at any time." *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 585 (4th Cir. 1953); *see also Bryant*, No. 24-1123, 2024 WL 3963962, at \*2. The stay order also didn't have the practical effect of denying injunctive relief, because

"stays are not practical denials of an injunction." *Att'y Gen. of New Jersey*, 972 F.3d at 199. Further, the stay order isn't appealable as a collateral order because it didn't amount to "a complete abdication of federal jurisdiction" by the district court. *Grace v. Vannoy*, 826 F.3d 813, 818 (5th Cir. 2016) (cleaned up). Accordingly, the stay "is clearly not appealable." *Int'l Nickel Co., Inc.*, 204 F.2d at 585.

### ii. Minor Plaintiff has failed to show that the stay order will have serious or irreparable consequences.

Even if the stay order had the practical effect of refusing an injunction, Minor Plaintiff cannot demonstrate that the district court's stay order will cause serious or irreparable consequences. Minor Plaintiff has failed to show that a bathroom usage rule that applies equally to all students will single out Minor Plaintiff for serious or irreparable injury. In fact, the record indicates that the restroom opportunities made available to Minor Plaintiff before voluntarily withdrawing from traditional public school were adequate in terms of frequency, convenience, and unobtrusiveness, and weren't functionally different from the times, places, and ways in which hundreds of other students accessed restrooms each day in that school. (ECF No. 51-1 at 4–6) Further, as Defendants-Appellees' expert Dr. Geeta Nangia testified, the accommodation of single-stall restrooms meets the universal bathroom needs of vulnerable students with gender incongruence in ways that multi-occupancy restrooms of the opposite sex simply cannot. (ECF No. 51-13 at 28–31.)

11

Moreover, "[n]o party, including the minor Plaintiff, is benefited from producing a potential 'yo-yo' effect" of injunctive relief that could be "subject to reversal or modification once the United States Supreme Court issues its order in *B.P.J.*" (ECF No. 92 at 3.)

### iii. Minor Plaintiff has failed to show that the stay order can only be effectually challenged by immediate appeal.

Minor Plaintiff has further failed to demonstrate that the stay order can only effectually be challenged by immediate appeal. *First*, there's been no final judgment here, so when a final judgment is rendered, then an appeal can be taken. *Bryant*, 2024 WL 3963962, at \*3. *Second*, "even if this court were to reverse the district court's order, the [*B.P.J*] court proceedings would continue on." *Id.* at \*3. Resolution of *B.P.J.* is scheduled to occur and will likely bring closure to this case. Any delay from awaiting a ruling in *B.P.J.* "does not … justify immediate review of the district court's order in this appeal." *Id.*

### c. The appeal should be dismissed for lack of standing.

"The requirement of standing 'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 718 (2022) (cleaned up). When determining standing, a court "must look to the facts at the time the complaint was filed." *Laufer*, 60 F.4th at 161 (cleaned up).

12

Here, the complaint was filed on November 12, 2024. (ECF No. 1.) It mentions nothing about Proviso 1.114 or the 2025–2026 school year. It only alleges facts and claims relating to Proviso 1.120 for the 2024–2025 school year. It doesn't allege that Minor Plaintiff will live within the Berkeley County School District or any other public school district in South Carolina for the 2025–2026 school year, let alone an intention to attend an in-person public school or to use opposite-sex restrooms during that time. It doesn't allege that, as of the start of school year 2025–2026, Minor Plaintiff identifies as transgender. It doesn't allege whether Minor Plaintiff has been diagnosed with gender dysphoria. And none of the declarations discussing Minor Plaintiff's parents' recent decision to re-enroll Minor Plaintiff in public school for the 2025–2026 school year relate to the facts or claims purportedly alleged in the complaint. (Dkt. No. 14-1.) Minor Plaintiff lacks standing to pursue this appeal as to Proviso 1.114.

Minor Plaintiff lacked standing to even challenge Proviso 1.120. To the extent the Court considers the facts alleged at the time of the Complaint to determine standing in this appeal, Defendants-Appellees incorporate their standing arguments raised to the district court. (ECF Nos. 51 at 23–29, 73 at 8–11.)

**II.    Even if the Court had jurisdiction over this appeal, Minor Plaintiff's Motion for Preliminary Injunction Pending Appeal should be denied.**

**a.    Minor Plaintiff is unlikely to succeed on the merits.**

**i.    *Grimm* is neither analogous nor persuasive.**

Minor Plaintiff's request for preliminary relief rests heavily on *Grimm*. But this case is materially distinguishable from *Grimm*. Precedent only requires a court to "act alike in all cases of like nature." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996). It does not require a court to act alike in cases with different facts, arguments, or legal issues. *See Webster v. Fall*, 266 U.S. 507, 511 (1925); *Lowe v. Raemisch*, 864 F.3d 1205, 1209 (10th Cir. 2017). Furthermore, *Grimm*'s foundations and reasoning have been steadily eroded in the years since it was decided—a process that continues apace, *see supra*, discussing *Kadel* and *B.P.J.* (*See* ECF Nos. 83, 92, and 103.)

Start with the factual and procedural distinctions between *Grimm* and this case. The plaintiff in *Grimm* was "medically confirmed" and "clinically diagnosed with gender dysphoria," and the plaintiff's "treatment provider identified using the boys' restrooms as part of the appropriate treatment." *Grimm*, 972 F.3d at 610, 619. Those facts aren't alleged in this case. Further, unlike *Grimm*, the restrooms made available to Minor Plaintiff weren't constructed explicitly for students with gender incongruity.

14

The legal arguments in *Grimm* differed as well. In that case, the school board primarily argued that the policy was valid because it did not discriminate based on sex and because the plaintiff was not similarly situated to gender congruent boys. 972 F.3d at 608–10. While Defendants-Appellees maintain these arguments here and suggest that intervening legal developments have bolstered them, Defendants-Appellees have also presented new arguments in this case. For one, Defendants-Appellees argue that Minor Plaintiff's claims aren't true discrimination claims under the Equal Protection Clause or Title IX. Minor Plaintiff doesn't appear to challenge—and, in fact, endorses—the notion that public schools may provide separate facilities for male and female students. Minor Plaintiff instead challenges a school's recognition of Minor Plaintiff as one sex versus the other. Such "parameters of the beneficiary class" are typically examined under rational basis review. *Hoohuli v. Ariyoshi*, 631 F. Supp. 1153, 1159 (D. Haw. 1986).

Further, Defendants-Appellees in this case offer different—and substantiated—government interests. Not only does Proviso 1.114 protect the safety and privacy of gender-congruent students, but it also protects the safety and privacy of gender-incongruent students. Single-stall gender-neutral bathrooms are the best choice for vulnerable students with gender incongruence and gender dysphoria. (ECF No. 51-13 at 28–31.) *Grimm* didn't address that argument and thus cannot be viewed as precedential towards it.

15

The scientific and legal landscape has also changed since *Grimm* was decided. *Grimm* relied on standards of care promulgated by WPATH. *Grimm*, 972 F.3d at 595–96. But in the years that followed, significant doubt has been cast on the reliability of WPATH's standards. (ECF No. 39 at 20–22).

As the scientific evidence has come into clearer view, the legal tide has changed. When *Grimm* was decided, the Fourth Circuit alluded to a "growing consensus of courts" that have struck down single-sex school bathroom policies under the Equal Protection Clause and Title IX. *Grimm*, 972 F.3d at 593. But today, *Grimm* is the outlier, joined only by the Seventh Circuit. In contrast, the Eleventh Circuit, Ninth Circuit, and courts in the Sixth and Tenth Circuits take the view that single-sex bathrooms do *not* violate the Equal Protection Clause or Title IX. *Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (11th Cir. 2022); *Roe v. Critchfield*, 137 F.4th 912, 926 (9th Cir. 2025); *D.H. v. Williamson Cnty. Bd. of Educ.*, No. 3:22-CV-00570, 2024 WL 4046581 (M.D. Tenn. Sept. 4, 2024); *Bridge v. Oklahoma State Dep't of Educ.*, 711 F. Supp. 3d 1289 (W.D. Okla. 2024).

In sum, *Grimm* is neither factually analogous nor analytically persuasive. It does not establish that Minor Plaintiff is likely to succeed on the merits, particularly when recent Supreme Court rulings have undermined *Grimm*'s reasoning, and when another appeal currently pending before the High Court (*B.P.J.*) will soon bring

further clarity and, conceivably, a further, and perhaps final, erosion of *Grimm*'s conclusions.

### ii.    Minor Plaintiff is unlikely to succeed on the Title IX claim.

Minor Plaintiff's claim under Title IX challenges "the unremarkable—and nearly universal—practice of separating school bathrooms based on biological sex." *Adams*, 57 F.4th at 796. In recent years, a growing judicial consensus has recognized that this practice "passes constitutional muster and comports with Title IX." *Id.* The separation of restrooms has a long history, and state laws separating bathrooms by sex "were among the earliest state-wide attempts to protect women from workplace sexual harassment." W. Burlette Carter, *Sexism in the "Bathroom Debates": How Bathrooms Really Became Separated by Sex*, 37 YALE L. & POL'Y REV. 227, 259–60, 279, 288 (2018).

Clinical reality supports the ongoing value of bathrooms designated for use by biological sex. (ECF 51-13.) In the school context, this separation serves four core needs of children and adolescents: (1) felt safety, (2) privacy, (3) freedom to use the bathroom undisturbed for physical and emotional health and development, and (4) freedom to take a brief break and regroup physically and emotionally. *Id*. at 12, ¶ 32. Most school bathroom policies generally allow for bathroom needs to be met in traditional multi-occupancy male/female (sex specific) bathrooms. *Id.* at 18, ¶ 34. In some circumstances, however, vulnerable students—including children with

17

gender incongruence or gender dysphoria—may need special accommodations, the most common of which is a single-occupancy bathroom. *Id.* Their core needs "are not met by allowing gender incongruent students access to the multioccupancy bathroom consistent with their gender identity," as they are likely at a heightened risk of experiencing negative behaviors (such as bullying) in any multi-occupancy bathroom, including the one consistent with their gender identity. *Id.* at 27, ¶¶ 71, 73. Additionally, "shared bathroom spaces may create significant negative outcomes for gender congruent students and may fail to meet their bathroom needs." *Id.* at 28, ¶ 76.

The South Carolina legislature enacted Proviso 1.114 to protect the privacy and core needs of all students. The title of the proviso is "Student Physical Privacy." *See* H. 4025 at Part IB § 1.114. The proviso aims to ensure that "restrooms and changing facilities provide [their] users with privacy," and that other areas "where a person may be in a state of undress" are "separate, private areas." *Id.* at 1.114(C)(1), (3).

A majority of courts to consider single-sex school bathroom policies have held that they don't violate Title IX. *See Adams*, 57 F.4th at 791; *Critchfield*, 137 F.4th at 931; *Bridge*, 711 F. Supp. 3d at 1292; *Williamson Cnty. Bd. of Educ.*, 2024 WL 4046581, at *5.

18

When the U.S. Department of Education attempted to require all public schools to abandon single-sex bathroom policies under its interpretation of Title IX, the purported requirement was vacated by a nationwide court order. *Tennessee v. Cardona*, 2:24-cv-00072-DCR-CJS, ECF No 143 (E.D. KY Jan. 9, 2025). Even before that, the Title IX rule was already enjoined in South Carolina and in every other state where it was challenged. (ECF No. 39 at 26.)

Furthermore, the Supreme Court has said the bathroom provision of the Title IX Rule is likely unlawful. "Importantly, all Members of the [Supreme] Court today accept that the plaintiffs were entitled to preliminary injunctive relief as to three provisions of the rule," including § 106.31(a)(2) of the Rule addressing Title IX's application in sex-separated spaces, 89 Fed. Reg. 33887. *Dep't of Educ. v. Louisiana*, 603 U.S. 866, 867 (2024).

This Court should not take the outlier position, but should instead, like the district court, await the guidance of the Supreme Court in *B.P.J.*

### iii. Minor Plaintiff is unlikely to succeed on the Equal Protection claim.

Minor Plaintiff's claim under the Equal Protection Clause is not likely to succeed. As discussed above, Proviso 1.114 satisfies rational basis. Regardless of whether that proviso is analyzed under the rational basis or heightened scrutiny standard, it survives. (The Supreme Court will almost certainly decide in *B.P.J.* what standard applies, which, as the district court rightly concluded, is reason enough to

19

take a deliberative, not hasty, approach.) The Eleventh Circuit recently held that single-sex bathrooms in public schools satisfied intermediate scrutiny. *Adams*, 57 F.4th at 801. So did the Ninth Circuit. *Critchfield*, 137 F.4th at 926. And a court in the Tenth Circuit. *Bridge*, 711 F. Supp. 3d at 1297. Because Minor Plaintiff hasn't shown a likelihood of success on the merits, preliminary injunctive relief isn't available.

      **b.    Minor Plaintiff cannot show irreparable harm.**

An injunction pending appeal isn't warranted because Minor Plaintiff hasn't demonstrated irreparable harm to be avoided. *First*, Minor Plaintiff hasn't plausibly alleged (much less shown) that the alleged harms are *caused* by Proviso 1.114, much less that they'll be redressed by an order enjoining that proviso. In fact, the evidence is to the contrary. Minor Plaintiff admits that, even before the enactment of the now-expired Proviso 1.120, Minor Plaintiff had experienced "anti-transgender harassment by classmates." (ECF No. 1 at 14.)

*Second*, the alleged harm that Minor Plaintiff purportedly seeks to avoid is abstract, hypothetical, and speculative. Minor Plaintiff is apparently set to begin a new grade (ninth grade) at a new school (high school), and the record before the Court is devoid of any information about that school's bathroom layout, availability, accessibility, and practices. In middle school, for example, the accommodation offered to Minor Plaintiff was functionally indistinguishable from most other students, who also used the restroom individually and voluntarily by using hall passes to excuse

20

themselves from class, and many of whom visited the school nurse's office—at a pace of 80 to 100 total visits per day—and often used the single-occupancy restrooms there or in classroom annexes. (ECF 51-1 at ¶¶ 12–19.) Is that similar to the setup in high school? Would Minor Plaintiff's bathroom accessibility be any different or more conspicuous than other students' options? Minor Plaintiff doesn't say. The speculative nature of the supposed injury weighs against an injunction pending appeal.

*Third*, Minor Plaintiff argues "[t]he proviso has already caused him to lose a year of school." (ECF No. 14-1 at 26.) But the proviso challenged by the motion is not the proviso in effect last year. And Minor Plaintiff claims to have finished a full year of school last year, anyway. *Id.* at 12.

*Fourth*, Minor Plaintiff argues that an injunction pending appeal is necessary to prevent the dignitary harm of being involuntarily stigmatized as transgender to other students. *Id.* at 27. But an injunction pending appeal would make Minor Plaintiff the only student in the school (and indeed, the entire state) to be given special access to opposite sex restrooms, drawing significant attention to Minor Plaintiff rather than let Minor Plaintiff blend in.

### c. The balance of hardships and public interest do not favor an injunction.

Whenever "a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *CASA, Inc.*, 2025 WL 1773631, at *15 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012)

21

(Roberts, C.J., in chambers)). Furthermore, the balance of equities favors the status quo, and the public interest wouldn't be served by enjoining Proviso 1.114, as it promotes the public interest by seeking to protect the privacy and safety of students in schools, both for those who are gender-congruent and those who are gender-incongruent.

In addition, "[s]ingle occupancy gender neutral bathrooms also provide a better solution for people of some faiths versus multi-occupancy shared bathrooms." *Id.* at 29, ¶ 80. For example, "mixing students of different genders may not be acceptable to people from Australian Indigenous cultures or Muslim and Islamic faiths," and "Islamic, Hindu, and Orthodox Jewish religions often do not permit females to share public toilets with male strangers, particularly when menstruating." *Id.*

Furthermore, enjoining Proviso 1.114 could also create risks to student safety. A court in the Tenth Circuit recently acknowledged the reality of these concerns by noting that, under Minor Plaintiff's position, "any biological male could claim to be transgender and then be allowed to use the same restroom or changing area as girls. This is a major safety concern." *Bridge*, 711 F. Supp. 3d at 1297. The balance of hardships and the public interest don't favor an injunction.

## CONCLUSION

This Court should dismiss this action, or at the very least, deny Minor Plaintiff's motion for preliminary injunction pending appeal.

22

July 28, 2025                    Respectfully submitted,

                                /s Miles E. Coleman
                                    Miles E. Coleman
                                    NELSON MULLINS RILEY & SCARBOROUGH LLP
                                    2 West Washington Street / Suite 400
                                    Greenville, SC 29601
                                    (864) 373-2300
                                    miles.coleman@nelsonmullins.com

                                *Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

                                s/ Joseph D. Spate
                                    Thomas T. Hydrick
                                    *Solicitor General*
                                    Joseph D. Spate
                                    *Deputy Solicitor General*
                                    Benjamin M. McGrey
                                    *Asst. Dep. Solicitor General*
                                    SOUTH CAROLINA OFFICE OF THE
                                    ATTORNEY GENERAL
                                    1000 Assembly St.
                                    Columbia, SC 29201
                                    (803) 734-3371
                                    josephspate@scag.gov

                                *Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

23

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,196 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

July 28, 2025                    s/ Miles E. Coleman
                                 Miles E. Coleman

24