No. 25-1787

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE, ET AL.,
*Plaintiffs-Appellants*,

v.

STATE OF SOUTH CAROLINA, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06420-RMG

## DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF
## MOTION TO DISMISS

Joseph D. Spate
*Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees
State of South Carolina; South
Carolina State Board of Educa-
tion; South Carolina Department
of Education; and Ellen Weaver, in
her official capacity as South Car-
olina Superintendent of Education*

Miles E. Coleman
NELSON MULLINS RILEY &
SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees
South Carolina State Board of Educa-
tion; South Carolina Department of
Education; Ellen Weaver, in her offi-
cial capacity as South Carolina Super-
intendent of Education; Berkeley
County School District; and Anthony
Dixon, in his official capacity as Su-
perintendent of Berkeley County
School District*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

ARGUMENT ........................................................................................1

   I.   The orders being appealed are not appealable ................................1

       A.   The district court did not expressly deny an injunction..................1

       B.   The district court did not practically deny an injunction ................2

   II.   The Court doesn't have jurisdiction to enjoin non-parties............................3

   III.   Minor Plaintiff doesn't have standing to raise this appeal............................4

   IV.   The mootness doctrine doesn't remedy Minor Plaintiff's lack of standing ...................................................................6

       A.   Mootness is not properly raised in this appeal................................6

       B.   The doctrine of mootness does not obviate the standing requirement..............................................................................7

       C.   Even if the mootness doctrine applied, the "voluntary cessation" exception does not............................................................8

       D.   Even if the "voluntary cessation" exception applied, Minor Plaintiff's complaint fails to state facts sufficient to challenge Proviso 1.114..............................................................................10

CONCLUSION...................................................................................11

CERTIFICATE OF COMPLIANCE....................................................13

## TABLE OF AUTHORITIES

**Cases**                                               **Page(s)**

*A. A. R. P. v. Trump*,
  145 S. Ct. 1364 (2025) ........................................................................ 3
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................... 11
*AtlantiGas Corp. v. Columbia Gas Transmission Corp.*,
  210 Fed. Appx. 244 (4th Cir. 2006) .................................................... 8
*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981) .............................................................................. 2
*Cedar Coal Co. v. United Mine Workers of Am.*,
  560 F.2d 1153 (4th Cir. 1977) ............................................................ 2
*Center State Farms v. Campbell Soup Co.*,
  58 F.3d 1030 (4th Cir. 1995) ......................................................... 7-8
*Eden, LLC v. Just.*,
  36 F.4th 166 (4th Cir. 2022) .......................................................... 6, 7
*Everett v. Pitt County Board of Education*,
  678 F.3d 281 (4th Cir. 2012) .............................................................. 1
*Fed. Bureau of Investigation v. Fikre*,
  601 U.S. 234 (2024) ............................................................................ 7
*Frazier v. Prince George's County*,
  86 F.4th 537 (4th Cir. 2023) .............................................................. 1
*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ....................................................................... 7, 8
*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ............................................................................ 4
*Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*,
  849 F.3d 615 (5th Cir. 2017) .............................................................. 5
*McCarver v. Lee*,
  221 F.3d 583 (4th Cir. 2000) ......................................................... 7, 8
*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*,
  508 U.S. 656 (1993) ................................................................. 6, 9, 10
*O'Connor v. Washburn Univ.*,
  416 F.3d 1216 (10th Cir. 2005) ................................................... 9, 10
*Porter v. Clarke*,
  852 F.3d 358 (4th Cir. 2017) ....................................................... 9, 10

*Trump v. CASA, Inc.*,
  145 S. Ct. 2540 (2025).........................................................................3, 4
*W. Virginia v. Env't Prot. Agency*,
  597 U.S. 697 (2022) ............................................................... passim
*Wall v. Wade*,
  741 F.3d 492 (4th Cir. 2014) ...............................................................9

**Rules**

Federal Rule of Civil Procedure 65(d)(2) ............................................3, 4

# ARGUMENT

## I. The orders being appealed are not appealable.

### A. The district court did not expressly deny an injunction.

Minor Plaintiff appears to argue that every denial of a preliminary injunction motion is always appealable. (Dkt. 39 at 3–4.) Minor Plaintiff cites *Everett v. Pitt County Board of Education*, 678 F.3d 281, 288 (4th Cir. 2012) and *Frazier v. Prince George's County*, 86 F.4th 537, 545 (4th Cir. 2023). (Dkt. 39 at 7–8.) Both are distinguishable from this case. In *Everett*, the district court denied a preliminary injunction motion on the merits with an order analyzing the *Winter* factors. 678 F.3d at 288. And in *Frazier*, the district court denied a preliminary injunction motion "'for the reasons stated' during an earlier telephonic hearing," and thereby "failed to state the findings and conclusions of law that support its action." 86 F.4th at 545–46 (cleaned up).

Here, Minor Plaintiff filed a new motion for preliminary injunction based on purported facts and claims raised in a *proposed* amended complaint. (Dkt. 36-1 at 9–10.) Unlike *Everett* and *Frazier*, the district court denied the motion for preliminary injunction in tandem with denying the motion to amend the complaint upon which that preliminary injunction motion was based. (ECF No. 92 at 4 n.3.) The district court explained its overarching reason for denying "pending motions" was the imposition of a stay pending the outcome of a case on the Supreme Court's

docket that will likely impact the outcome of this case. *Id.* And the district court permitted Minor Plaintiff leave to restore and/or supplement those motions after the stay. *Id.*

### B. The district court did not practically deny an injunction.

Minor Plaintiff wrongly analogizes the stay order in this case to an "indefinite continuance" of a hearing on a preliminary injunction motion that "amounted to the refusing of an injunction" and was "appealable as such." (Dkt. 39 at 5 (quoting *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1161 (4th Cir. 1977)). But the stay here is not "indefinite"; it's limited by either the outcome of *West Virginia v. B.P.J.* or the end of the Supreme Court's October 2025 term, whichever is sooner. (ECF No. 92 at 4.)

Minor Plaintiff also misrepresents the applicable legal standard for determining whether a stay order has the practical effect of denying injunctive relief. Under the longstanding rule in *Carson*, an order that has the practical effect of refusing an injunction is appealable only upon a showing that the order "might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (cleaned up). Minor Plaintiff argues the Supreme Court recently folded the last two conditions into the analysis of whether an order has the practical effect of refusing an injunction in the first instance. (Dkt. 39 at 9.) But the Supreme Court actually

2

said, "[a] district court's *inaction* in the face of *extreme urgency*" combined with "a *high* risk of 'serious, perhaps irreparable,' consequences *may* have the effect of refusing an injunction." *A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025) (emphasis added). That new and unique standard does not apply here for at least four reasons.

*First*, this appeal does not challenge the district court's *inaction* on a preliminary injunction motion; the district court denied the new motion for preliminary injunction without prejudice and ordered a stay pending the outcome of *B.P.J. Second*, this is not a case of "extreme urgency"; Minor Plaintiff seeks to *upset* the status quo in South Carolina rather than preserve it. *Third*, there is no "high" risk of serious or irreparable consequences; Minor Plaintiff will still have access to single-stall restrooms and girls' multi-occupancy restrooms under the existing proviso or can continue to homeschool. *Fourth*, even if the rule in *A. A. R. P.* applied here and were satisfied, the stay ruling only "may" be reviewable. Minor Plaintiff fails to satisfy that new rule in any respect.

## II.    The Court doesn't have jurisdiction to enjoin non-parties.

Minor Plaintiff argues that this Court can enjoin non-parties against whom Minor Plaintiff sought injunctive relief in the new motion for preliminary injunction. (Dkt. 39 at 13-14.). Minor Plaintiff cites to Federal Rule of Civil Procedure 65(d)(2) for support and argues that *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025) is inapposite. (Dkt. 39 at 14.)

3

But a federal court "must have personal jurisdiction over a party before it can enjoin its actions." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982) (Powell, J., concurring) (cleaned up). And *CASA* explained that "[w]hen exercising its equity powers," a court "may *command persons properly before it to cease* or perform *acts*.") (cleaned up) (emphasis added). Further, even considering FRCP 65(d)(2), Minor Plaintiff's request for relief is overbroad as against Defendants-Appellees' "representatives," "successors," and those acting "indirectly in concert" with them, which are not parties to this case. *Compare* FED. R. CIV. P. 65(d)(2) *with* (ECF No. 88 at 1).

## III.   Minor Plaintiff doesn't have standing to raise this appeal.

Defendants-Appellees have consistently maintained that Minor Plaintiff lacks standing. The operative complaint doesn't allege facts and claims relating to Proviso 1.114 or the 2025-2026 school year. (Dkt. 36-1 at 20.) And Minor Plaintiff is a mere bystander to Proviso 1.120. *Id.* But even further, Minor Plaintiff lacks standing to raise this appeal.

"In considering a litigant's standing to appeal, the question is whether it has experienced an injury 'fairly traceable *to the judgment below.*'" *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 718 (2022) (cleaned up) (emphasis in original). "If so, and a 'favorable ruling' from the appellate court 'would redress [that] injury,' then the appellant has a cognizable Article III stake." *Id.*

Here, the "judgment below" is an order denying, without prejudice, an inoperative preliminary injunction motion and an order staying the case pending the outcome of *B.P.J.* That judgment did not injure Minor Plaintiff. Unlike *West Virginia v. EPA*, where a lower court brought the Clean Power Plan (and its harm to the petitioning states) back into legal effect, 597 U.S. at 719, the judgment in this case simply preserved the status quo. And Minor Plaintiff's new motion for preliminary injunction could not have been granted anyway due to its reliance on an inoperative proposed amended complaint. *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 627 (5th Cir. 2017) ("[T]here could be no abuse of discretion by the district court in denying relief based on claims that the court did not have before it.").

Moreover, a favorable ruling from this Court would not redress any claimed injury. The only question in this appeal is whether the district court abused its discretion in the judgment below. In the unlikely event this Court finds the district court should have issued a written order either granting or denying the new preliminary injunction motion *with* prejudice, that would not redress Minor Plaintiff's alleged injury; it would just send the issue back to the district court for further consideration. (Dkt. 28 at 11–12.)

**IV.    The mootness doctrine doesn't remedy Minor Plaintiff's lack of standing.**

Minor Plaintiff argues that the doctrine of mootness, rather than standing, should be applied to determine whether Minor Plaintiff should be permitted to challenge the Proviso 1.114 under the operative complaint that challenged only Proviso 1.120. (Dkt. 39 at 17–18.) That argument is misguided for multiple reasons.

### A. Mootness is not properly raised in this appeal.

The mootness doctrine is not at issue here. Invocation of the mootness doctrine due to voluntary cessation of a challenged practice must be made by the defendant. *Eden, LLC v. Just.*, 36 F.4th 166, 171 (4th Cir. 2022) ("A *defendant claiming mootness* based on the voluntary cessation of a challenged practice must show that it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.") (cleaned up).

Arguing for the application of the mootness doctrine rather than standing, Minor Plaintiff cites to *West Virginia v. EPA*, 597 U.S. at 719, and *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 662 (1993). (Dkt. 39 at 17–18.) But in both cases, the government-respondent asserted mootness as a defense. *See* 597 U.S. at 719–20; *see also* 508 U.S. at 661–63. Not so here.

6

Defendants-Appellees have not sought dismissal under any theory of moot-ness. Minor Plaintiff's attempt to recharacterize Defendants-Appellees' standing arguments as ones for mootness is baseless. (Dkt. 39 at 14-18.)

## B. The doctrine of mootness does not obviate the standing requirement.

Standing is a necessary requirement that "persists throughout the life of the proceedings" in every case. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 244 (2024) (cleaned up). Exceptions to mootness don't replace the standing requirement. *Eden*, 36 F.4th at 170 n.4 ("[T]here of course can be no exceptions to Article III's jurisdictional limits.") (cleaned up). The question of mootness (and its exceptions) is only asked *after* standing has been established. *Id.* (the doctrine of mootness exceptions "describes some 'limited circumstances where a case is not moot because the plaintiff *continues* to have a cognizable interest in the outcome that *satisfies the Constitution's case-or-controversy requirement*.") (cleaned up) (emphasis added).

Here, Minor Plaintiff does not have standing to bring this appeal (or to bring suit in the first place), so an exception to mootness cannot entitle Minor Plaintiff to a federal judicial forum. (ECF No. 51 at 23–29, 73 at 8–11);[1] *see also Friends of the*

---

[1] Citing to *McCarver v. Lee*, 221 F.3d 583, 588 n.1 (4th Cir. 2000), Minor Plaintiff argues that Defendants-Appellees have forfeited their standing arguments raised to the district court. (Dkt. 39 at 16.) Not so. *First*, standing is jurisdictional and cannot be waived. *See Center State Farms v. Campbell Soup Co*., 58 F.3d 1030, 1038 (4th Cir. 1995) ("Because objections to standing are jurisdictional in nature, they may be raised at any time, ... even if raised for the first time on appeal.") (Hamilton, J.,

*Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000) ("[I]f a plaintiff lacks standing at the time the action commences," a mootness exception "will not entitle the complainant to a federal judicial forum.").

### C. Even if the mootness doctrine applied, the "voluntary cessation" exception does not.

Even if Defendants-Appellees had moved to dismiss on mootness grounds, or the Court substituted mootness for standing, the "voluntary cessation" exception fails here.

Minor Plaintiff argues that Defendants-Appellees have the "heavy burden" to show it's "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (Dkt. 39 at 18 (quoting *Laidlaw*, 528 U.S. at 189)). But that burden is only "heavy" where "the *only conceivable basis* for a finding of mootness in the case is the *respondent's voluntary conduct*." *EPA*, 597 U.S. at 719 (cleaned up) (emphasis added).

---

dissenting) (cleaned up); *AtlantiGas Corp. v. Columbia Gas Transmission Corp.*, 210 Fed. Appx. 244, 247 (4th Cir. 2006) ("A court does not have subject matter jurisdiction over an individual who does not have standing."). Second, *Lee* is distinguishable from this case. In *Lee*, a criminal defendant raised only one ineffective-assistance-of-counsel claim in his appellate briefs and oral argument, while indicating that he "wishes to preserve all the issues raised in his petition for habeas corpus." *Lee*, 221 F.3d at 588 n.1. Here, in a motion to dismiss rather than in a full response to an opening brief, Defendants-Appellees raised the argument that the appeal should be dismissed for lack of standing. (Dkt. 36-1 at 19.) Defendants-Appellees' additional reference to prior briefing relevant to standing (Dkt. 36-1 at 18-20) does not negate those standing arguments on appeal.

The "voluntary cessation" exception takes aim at "litigation tactics" whereby a defendant intentionally seeks to moot a case by voluntarily and temporarily ceasing a challenged practice. *Id.* at 171. The goal is to prevent "a manipulative litigant" from "altering its behavior long enough to secure a dismissal and then reinstating it immediately after." *Porter v. Clarke*, 852 F.3d 358, 364 (4th Cir. 2017) (cleaned up).

Unsurprisingly, the exception doesn't apply when "the voluntary cessation of the challenged activity occurs because of reasons unrelated to the litigation." *Wall v. Wade*, 741 F.3d 492, 498 n. 8 (4th Cir. 2014) (cleaned up). Indeed, "[a] defendant cannot be said to have voluntarily ceased allegedly illegal conduct" where "the controversy has become moot through the normal course of events rather than through the unilateral action of the defendant." *O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1221-22 (10th Cir. 2005) (concluding that a defendant-appellee's termination of allegedly unlawful conduct at a "prearranged termination date" was not "voluntary cessation" for purposes of mootness). That exception is inapplicable here for at least two reasons.

*First*, Defendants-Appellees have not engaged in voluntary conduct to moot Minor Plaintiff's case. Contrary to Minor Plaintiff's suggestion, Defendants-Appellees have not "repeal[ed] the challenged statute and replac[ed] it with one that differs only in some insignificant respect" to moot Minor Plaintiff's claims. (Dkt. 39 at 18) (quoting *City of Jacksonville*, 508 U.S. at 662).

Unlike the challenge to a city ordinance in *City of Jacksonville*, Defendants-Appellees did not repeal Proviso 1.120; it was a budget proviso enacted by the General Assembly that automatically expired at a "prearranged termination date." *O'Connor*, 416 F.3d at 1221–22. Proviso 1.114 was also enacted by the General Assembly, not Defendants-Appellees.

Nor is this case like *West Virginia v. EPA*, where EPA's claim that it had no intention of enforcing an agency rule failed to moot a challenge to that rule. 597 U.S. at 720. Defendants-Appellees have never claimed they will cease to enforce Proviso 1.114, and they don't challenge standing or argue mootness on that basis.

*Second*, the "voluntary cessation" exception is generally predicated on a defendant waiting until after dismissal on mootness grounds to resume the allegedly illegal conduct. *Porter*, 852 F.3d at 364. That is not present here. Proviso 1.114 became effective *before* this appeal.

### D. Even if the "voluntary cessation" exception applied, Minor Plaintiff's complaint fails to state facts sufficient to challenge Proviso 1.114.

Even if this Court allowed this appeal to proceed under the "voluntary cessation" exception to mootness, Minor Plaintiff's complaint fails to state a claim to relief as to Proviso 1.114.

The complaint purportedly alleges Minor Plaintiff's intent to attend Cane Bay Middle School for eighth grade (during the 2024–2025 academic year) and requests

10

injunctive relief against Proviso 1.120 for that limited purpose. (ECF No. 1 at 15 ¶ 72). As Minor Plaintiff acknowledged by filing a motion to amend the complaint, (ECF No. 85-2 at 18 ¶ 82, 19 ¶¶ 83 and 85), no factual allegations in the complaint assert Minor Plaintiff's intention to attend a public high school and use opposite-sex restrooms there for the 2025–2026 academic year. Yet in this appeal, Minor Plaintiff seeks to enjoin the restroom provisions of Proviso 1.114 prior to attending an un-named "high school" for the "2025-2026 academic year." (Dkt. No. 14-1 at 12;) *see also id.* at 7–8. Minor Plaintiff's complaint necessarily "fails to plead sufficient facts to state a claim" for relief as to Proviso 1.114 under either the Equal Protection Clause or Title IX. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).

## CONCLUSION

This Court should dismiss Minor Plaintiff's appeal.

[Signatures on following page]

August 7, 2025

Respectfully submitted,

s/ Joseph D. Spate
Thomas T. Hydrick
*Solicitor General*
Joseph D. Spate
*Deputy Solicitor General*
Benjamin M. McGrey
*Assistant Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

s/ Miles E. Coleman
Miles E. Coleman
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,569 words. This motion complies with the typeface and typeset requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

August 7, 2025                         s/ Joseph D. Spate
                                       Joseph D. Spate