No. 25-1787

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JOHN DOE, ET AL.,
*Plaintiffs-Appellants*,

v.

STATE OF SOUTH CAROLINA, ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of South Carolina
Case No. 2:24-cv-06420-RMG

## DEFENDANTS-APPELLEES' EMERGENCY MOTION FOR RECONSIDERATION, OR ALTERNATIVELY A STAY, OF THE INJUNCTION PENDING APPEAL

Joseph D. Spate
*Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

Miles E. Coleman
NELSON MULLINS RILEY &
SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40, or alternatively Rule 8, Defendants-Appellees move this Court for reconsideration, or alternatively a stay, of its order granting an injunction pending appeal entered on August 12, 2025, *see Doe v. State of South Carolina*, No. 25-1787, Dkt. 42 (4th Cir. Aug. 12, 2025), and as amended by its order of August 15, 2025, *see Doe v. State of South Carolina*, No. 25-1787, Dkt. 43 (4th Cir. Aug. 15, 2025). Defendants-Appellees would show: (1) The injunction conflicts with the Supreme Court's decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), and decisions of other Circuits; and (2) this proceeding involves questions of exceptional importance.

Defendants-Appellees respectfully request a decision on this motion by Monday, August 25, 2025, at 5:00 p.m. Eastern Time so they can promptly seek appellate review if the Court does not grant the motion. Plaintiffs-Appellants were notified of Defendants-Appellees' intent to file the instant motion and indicated they intend to oppose the motion.

# ARGUMENT

## I. The injunction conflicts with *Skrmetti* and decisions of other Circuits.

This Court based its injunction on its prior opinion in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020), *cert. denied* 141 S. Ct. 2878 (2021). In that case, a public school in Virginia prohibited Grimm (a biological

1

female) from using boys' restrooms. *Id.* at 597–600. Relying on standards of care promulgated by the World Professional Association for Transgender Health (WPATH), the Fourth Circuit held that the school policy violated the Equal Protection Clause and Title IX because the policy allegedly discriminated "on the basis of sex." *Id.* at 593–95. In doing so, *Grimm* also created a quasi-suspect classification for transgender persons and held that the bathroom policy failed heightened scrutiny. *Id.* at 607. But *Skrmetti* rejected *Grimm*'s view of discrimination "on the basis of sex," 145 S. Ct. at 1829–35; applied rational basis rather than heightened scrutiny to a law that mentioned but did not classify or discriminate on the basis of sex, *id.* at 1835–37; and refused to defer to WPATH's discredited standards, *id.* at 1825; *see also id.* at 1843–49 (Thomas, J., concurring). As a result, *Grimm* is irreconcilable with *Skrmetti*.

Additionally, the Eleventh Circuit, Ninth Circuit, and courts in the Sixth and Tenth Circuits take the view that policies designating use of public-school bathrooms and locker rooms by biological sex do *not* violate the Equal Protection Clause or Title IX. *See Adams by & through Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (11th Cir. 2022); *Roe v. Critchfield*, 137 F.4th 912, 926 (9th Cir. 2025); *D.H. v. Williamson Cnty. Bd. of Educ.*, No. 3:22-CV-00570, 2024 WL 4046581 (M.D. Tenn. Sept. 4, 2024); *Bridge v. Oklahoma State Dep't of Educ.*, 711 F. Supp. 3d 1289 (W.D. Okla. 2024).

2

Because this Court's injunction pending appeal conflicts with *Skrmetti* and decisions of other Circuits, this Court should reconsider or stay that order.

## II.  This proceeding involves questions of exceptional importance.

An emergency stay of this Circuit's injunction is warranted not only because *Grimm* was wrongly decided and should (and may soon) be overturned, but because in the absence of this Court's immediate intervention, the State, the school district, and its students are suffering actual, ongoing, material harms—all from a mandatory injunction that disrupts the status quo in a preliminary posture in a case where the Plaintiffs are unlikely ultimately to prevail.

An injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (cleaned up). A court may issue an injunction only "upon a *clear showing* that the plaintiff is entitled to such relief." *Id.* at 22 (cleaned up) (emphasis added). Even more so when the plaintiff seeks to enjoin the "enforcement of a presumptively valid state statute." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (Rehnquist, C.J., in chambers). Such a request "demands a significantly higher justification than that required for a stay"; the plaintiff's right to relief must be "indisputably clear." *Lux v. Rodrigues*, 561 U.S. 1306, 1306–07 (2010) (Roberts, C.J., in chambers) (cleaned up). That's because an injunction of that sort "does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld" by a lower court. *Respect Maine PAC*

3

*v. McKee*, 562 U.S. 996, 996 (2010) (cleaned up). Put another way, in cases like these, courts afford states the "widest latitude." *Rizzo* v. *Goode*, 423 U.S. 362, 378–79 (1976) (cleaned up).

Start with the State.[1] In our federal system, States have a vital, sovereign interest in preserving their plenary authority against unwarranted federal incursions. And "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland* v. *King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (cleaned up).

And consider the school district that this Court enjoined. It's now stuck between the proverbial rock and hard place. On the one hand, the Executive Branch demands, on pain of loss of federal funding, that schools apply Title IX as originally understood. *See* U.S. DEP'T OF ED., *U.S. Dep't of Ed. Finds Five Northern Virginia School Districts in Violation of Title IX*, Jul. 25, 2025 (https://tinyurl.com/bv97zrdd). On the other hand, this Court has required Applicant Berkeley County School District to do exactly the opposite. Other schools within the Fourth Circuit are already pointing to this Court's injunction in this case as a basis for refusing to protect sex-

---

[1] Of course, most of the Defendants-Appellees, including the State, should not be parties to this proceeding as they are immune from suit under the Eleventh Amendment and/or qualified immunity. (ECF No. 51 at 21–23, 42–43). Defendants-Appellees have preserved and not waived those arguments.

4

designated intimate areas. *Alexandria City Public Schools letter to U.S. Dep't of Ed.*, at 2 n.1, Aug. 15, 2025 (https://tinyurl.com/yexer5s3).

And what of other students (or their parents) who are classmates of Minor Plaintiff but who, as a matter of their long-recognized privacy interests, cannot share intimate spaces with a member of the opposite sex? "That some students in a state of partial undress may experience embarrassment, shame, and psychological injury in the presence of students of a different sex is neither novel nor implausible." *Roe v. Critchfield*, 137 F.4th 912, 925 (9th Cir. 2025) (cleaned up) (citing *United States v. Virginia*, 518 U.S. 515, 550 n.19 (1996) ("Admitting women to VMI would undoubtedly require alterations necessary to afford members of each sex privacy from the other sex in living arrangements.")). These harms are real, material, and unnecessary, especially in a preliminarily postured case under the backdrop of the Supreme Court's review of *B.P.J. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024), *cert granted* No. 24-43, 2025 WL 1829164 (U.S. July 3, 2025). To alleviate these harms, the Court should reconsider or stay the injunction pending appeal.

## CONCLUSION

This Court should reconsider or stay the injunction pending appeal.

[Signatures on following page]

5

August 22, 2025                                     Respectfully submitted,

<div style="margin-left:auto">

s/ Joseph D. Spate
Thomas T. Hydrick
*Solicitor General*
Joseph D. Spate
*Deputy Solicitor General*
Benjamin M. McGrey
*Assistant Deputy Solicitor General*
SOUTH CAROLINA OFFICE OF THE
ATTORNEY GENERAL
1000 Assembly St.
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for Defendants-Appellees State of South Carolina; South Carolina State Board of Education; South Carolina Department of Education; and Ellen Weaver, in her official capacity as South Carolina Superintendent of Education*

s/ Miles E. Coleman
Miles E. Coleman
NELSON MULLINS RILEY & SCARBOROUGH LLP
2 West Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300
miles.coleman@nelsonmullins.com

*Counsel for Defendants-Appellees South Carolina State Board of Education; South Carolina Department of Education; Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Berkeley County School District; and Anthony Dixon, in his official capacity as Superintendent of Berkeley County School District*

</div>

6

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) and 40(d)(3)(A) because it contains 1,170 words. This motion complies with the typeface and typeset requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 40(d)(2) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

August 22, 2025                                        s/ Joseph D. Spate
                                                       Joseph D. Spate